UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM DIXON, *et al.*,

      Plaintiffs,

v.

VINCENT C. GRAY, *et al.*,

      Defendants.

Civil Action No. 74-00285 (TFH)

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FAIRNESS HEARING

WHEREAS, the above-captioned class action is pending before this Court; and

WHEREAS, in 1975, the Court certified a class action, pursuant to Federal Rule of Civil Procedure 23(b)(1) and (b)(2), consisting of "[a]ll persons who are now or who may be hospitalized in a public hospital pursuant to 21 D.C. Code § 501, *et seq.*, and who need outplacement from that public hospital, as presently constituted, into alternative care facilities, such as nursing homes, foster homes, personal care homes and half-way houses, in order to receive suitable care and treatment in the least restrictive setting possible. This class includes patients who are or who may be on convalescent leave status from the public hospital and who have been or may be placed in alternative care facilities that are not providing suitable care and treatment in the least restrictive setting consistent with the patients' needs for care and treatment"; and

WHEREAS, the Parties have applied to the Court for an Order preliminarily approving the settlement of the above-named action in accordance with the terms and provisions of the

Settlement Agreement dated September 8, 2011 (the "Settlement Agreement") which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit; and

WHEREAS, the Court has read and considered that Settlement Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed in the premises, and with good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order (the "Preliminary Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class.

3. Class Counsel adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement. In the absence of consultations with the original named plaintiffs who cannot be located or who are deceased, class counsel has made reasonable efforts to consult with members of the class, including seeking input from such secondary sources as public interest organizations and caregivers who have day-to-day contact with class members.

4. Having reviewed the Settlement Agreement (with its attachments and exhibits), the Court hereby preliminarily approves the Settlement Agreement and the settlement contemplated thereby, as being fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length,

negotiation by counsel. The Settlement Agreement contains no deficiencies that would prevent preliminary approval. The Court directs the Parties to proceed with the settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto, subject to this Court's authority to determine whether finally to approve the Settlement.

5. The Court hereby finds that the proposed notice plan set forth in paragraph 32 of the Settlement Agreement and the form of Class Notice attached as Exhibit 1 to the Settlement Agreement, fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances to members of the Class. The Court hereby directs that the Class Notice be provided to the members of the Class substantially in the manner specified by paragraph 32 of the Settlement Agreement and substantially in the form as attached as Exhibit 1 to the Settlement Agreement, provided that the Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy, and may adjust the layout of the Notice for clarity and efficient mailing.

6. All Class Members shall be bound by all determinations and judgments concerning the Settlement Agreement and the settlement contemplated hereby.

7. The Court's preliminary approval of the Settlement shall be subject to further consideration at a Fairness Hearing to be held before this Court on **February 16, 2012, at 10:00 a.m. in Courtroom 25A** (the "Fairness Hearing"). The Court will determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court. The date and time of the Fairness Hearing shall be set forth in the Class Notice.

8. By no later than **February 2, 2012**, Class Counsel and counsel for Defendants shall file with the Court any papers in support of final approval of the settlement. Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the settlement (as described in paragraph 9 below).

9. Any Class Member may appear at the Fairness Hearing in person, through counsel (if a notice of appearance is filed and served), or through a duly authorized guardian or representative, and may be heard, to the extent allowed by the Court, in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement. Unless such requirement is excused by the Court, no person shall be heard in opposition to the settlement unless, on or before **December 31, 2011**, such person has (a) filed with the Court a letter including the Class Members' name and address, a notice of intention to appear, a statement indicating the basis for the Class Members' opposition to the terms of the settlement and demonstrating that the objector is a Class Member, the signature of the Class Member, attorney, guardian or representative (as the case may be), and, in the case of a guardian or representative, proof of the person's status as such, and (b) has served copies of the foregoing upon the following counsel:

**To Class Counsel:**
Dixon Class Counsel
Attn: Iris Y. González
1201 Pennsylvania Avenue, NW
Washington, DC 20004

**To Counsel for Defendants:**
Attorney General for the District of Columbia
Attn: Grace Graham
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

10. The Court reserves the right to adjourn the Fairness Hearing from time to time without further notice by adjournment announced in open court and to rule upon the settlement

at any time after the Fairness Hearing.

11. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to Class Members.

12. If for any reason the Settlement Agreement is not finally approved by the Court or otherwise does not become effective, this Preliminary Approval Order shall be rendered null and void and shall be vacated nunc pro tunc, the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement, and all proceedings in connection with the settlement shall be without prejudice to the status quo ante rights of the Parties to the Lawsuit. In this event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

**SO ORDERED.**

September 20, 2011 /s/ *Thomas F. Hogan*
Thomas F. Hogan
United States District Judge