# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACQUALYN THORPE, *et al.*,          )
                                      )
      Plaintiffs,                     )   Civil Action No.1:10-cv-02250
                                      )   Judge Ellen S. Huvelle
      v.                               )
                                      )
DISTRICT OF COLUMBIA,                 )
                                      )
      Defendant.                      )
                                      )

## DECLARATION OF ORIT SIMHONI

1. My name is Orit Simhoni. I was born in 1953. On May 27, 2010, I was appointed the Legal Guardian of Donald Dupree. Mr. Dupree is a plaintiff in *Thorpe, et al. v. District of Columbia*. I am a United States citizen, and I am providing this declaration for use in the case *Thorpe, et al. v. District of Columbia*.

2. Mr. Dupree now lives at Joye Assisted Living. Mr. Dupree previously resided at Washington Nursing Facility, a nursing facility located in the District of Columbia, from 2006 until August 29, 2012.

3. Mr. Dupree receives a monthly personal needs allowance from Supplemental Security Income benefits. He is a DC Medicaid beneficiary.

4. Throughout the time I have been Mr. Dupree's guardian, Mr. Dupree has requested assistance with leaving the nursing facility. He complained that he was disturbed at all hours of the night due to noise and interruptions by staff and other residents, and could not work as a newspaper vendor or attend his church regularly, as he did prior to coming to the nursing facility.

5. Mr. Dupree was admitted to WNF with the following diagnoses: cerebrovascular accident (CVA), schizophrenia, and was status-post Cerebellopontine angle (CPA) tumor removal, with a history of alcohol abuse. He was admitted to Washington Nursing Facility for post-surgery recovery after his tumor was removed.

6. Mr. Dupree currently walks with the assistance of a device called a "rollator," which is a rolling walker with locks, seat, and basket. He requires assistance and/or prompting with activities of daily living, including bathing, meal preparation, and medication management. Given assistance with bathing, medication management, money management, housekeeping, and meal preparation, I am confident that he could live successfully at Joye Assisted Living, a less restrictive environment than a nursing facility.

7. The types of services Mr. Dupree needed to help him transition into the community include: information about and assistance with applications for community residential facilities and home health services; transition planning to identify and meet his needs, such as identifying needed medical equipment and services to promote independent living in the community; and information about community based mental health services and supports, such as day programs, counseling, Alcoholics Anonymous, and community support.

8. On August 7, 2012, Washington Nursing Facility staff informed Department of Mental Health (DMH) staff of Mr. Dupree's pending discharge to Joye Assisted Living.

9. On August 16, 2012, DMH representative, Alvin Hinkle, attended Mr. Dupree's discharge planning meeting where his discharge plan was finalized to include: 1) 8 hours a day of state plan home health services, 2) Assertive Community Treatment (ACT) services, 3) day program services.

10. Mr. Dupree was discharged from Washington Nursing Facility to Joye Assisted Living on August 29, 2012.

11. Mr. Dupree did not start receiving his home health services from Nursing Unlimited until September 8, 2012. I am still unclear as to how many hours of home health services he is receiving from Nursing Unlimited.

12. On September 13, 2012, a meeting occurred with Mr. Dupree and his ACT case manager to transfer services to an ACT team.

13. Mr. Dupree began day program services on September 11, 2012. In March 2013, I was informed by Mr. Dupree's ACT team that Mr. Dupree can no longer receive ACT services on the same day he receives day program services because DMH will not allow those services to be billed on the same day due to recent changes to the structure of day program services.

14. Mr. Dupree was hospitalized at The George Washington University Hospital on November 1, 2012 until November 2, 2012.

15. On April 2, 2013, Mr. Dupree was admitted to the Comprehensive Psychiatric Emergency Program (CPEP), a psychiatric facility operated by DMH, for emergency psychiatric treatment. He was discharged from CPEP that same day and returned to Joye Assisted Living.

16. Due to this recent hospitalization and emergency psychiatric admission to CPEP, I am concerned that he will be forced to return to a nursing facility in the future.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on 4-5-13.

_Orit Simhoni_
Signature

ORIT SIMHONI
Printed Name

3