# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                )
**JACQUALYN THORPE,** *et al.,*                 )
                                                )
    **Plaintiffs,**                              )
                                                )
    **v.**                                      )          **Civil Action No. 10-2250 (ESH)**
                                                )
**DISTRICT OF COLUMBIA,**                       )
                                                )
    **Defendant.**                              )
_____     )

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant District of Columbia's renewed motion for a stay of discovery pending the Court of Appeals' disposition of its petition pursuant to Federal Rule of Civil Procedure 23(f) for permission to file an interlocutory appeal challenging this Court's order granting class certification.[1]  (Def.'s Renewed Mot. for Stay, June 26, 2014 [ECF No. 138] ("Renewed Mot. for Stay").)  Upon consideration of the motion, plaintiffs' opposition thereto, defendant's reply, and for the reasons stated herein, the motion will be denied.

## BACKGROUND

In this *Olmstead* action, plaintiffs are challenging the District of Columbia's provision of Medicaid-funded long-term care services to persons with physical disabilities as causing unnecessary segregation in nursing facilities in violation of Americans with Disabilities Act and

---

[1] Rule 23(f) provides that "A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered."  Fed. R. Civ. P. 23(f).

the Rehabilitation Act.[2]  On March 29, 2014, this Court granted plaintiffs' motion for class

certification and certified, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), a class that consists of:

> All persons with physical disabilities who, now or during the pendency of this
> lawsuit:
>
>> (1) receive DC Medicaid-funded long-term care services in a nursing
>> facility for 90 or more consecutive days;
>>
>> (2) are eligible for Medicaid-covered home and community-based long-
>> term care services that would enable them to live in the community; and
>>
>> (3) would prefer to live in the community instead of a nursing facility but
>> need the District of Columbia to provide transition assistance to facilitate
>> their access to long-term care services in the community.

(Order, Mar. 29, 2014 [ECF No. 129].)  Defendant filed its Rule 23(f) petition with the Court of

Appeals on April 15, 2014.  *See* Petition for Permission to Appeal Under Federal Rule of Civil

Procedure 23(f), *In re District of Columbia*, No. 14-8001 (D.C. Cir. Apr. 15, 2014) ("Rule 23(f)

Petition").  A few days later, defendant filed its first motion to stay proceedings in the district

court pending the disposition of that petition.  (Def.'s Mot. to Stay Discovery, Apr. 17, 2014

[ECF No. 134].)  After hearing argument from the parties, the Court granted defendant's motion

in part, staying expert discovery, but allowing fact discovery to proceed.  (Order, Apr. 24, 2014

[ECF No. 135].)  The Court gave the parties until June 30, 2014, to propound additional

document requests and interrogatories (limited to 10 of each) and directed the parties to file a

joint status report by July 10, 2014, regarding a proposed discovery schedule and a "specific

listing of any remaining discovery."  (*Id*. at 1-2.)  Under the current schedule, all fact discovery

---

[2] These actions are named for the 1999 Supreme Court decision in *Olmstead v. L.C.*, 527 U.S.
581 (1999), which recognized for the first time that unjustified segregation was a form of
discrimination prohibited by the ADA and the Rehabilitation Act.

is to be completed by December 31, 2014.  (*Id*.)  Defendant did not seek a more extensive stay

from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 8(a)(1).

On June 24, 2014, the Court of Appeals ordered on its own motion that the Rule 23(f)

petition "be referred to a merits panel."  Order at 1, *In re District of Columbia*, No. 14-8001

(D.C. Cir. June 23, 2014).  That order advised the parties that "[i]n addition to addressing

whether the petition should be granted," they should "address in their briefs whether the district

court properly granted plaintiffs' renewed motion for class certification under Fed. R. Civ. P.

23."  *Id*.  According to the current schedule, briefing for the merits panel will be completed by

September 29, 2014.[3]  *See* Order, *In re District of Columbia*, No. 14-8001 (D.C. Cir. July 3,

2014).  No date for oral argument has been set.

Relying on the Court of Appeals' decision to refer the Rule 23(f) petition to a merits

panel, defendant has renewed its motion for a stay of discovery pending disposition of that

petition.  (Renewed Mot. for Stay at 1.)  That motion is now ripe for review.

## ANALYSIS

### I.   STAY OF DISCOVERY PENDING DISPOSITION OF A PENDING RULE 23(f) PETITION

Rule 23(f) expressly provides that the decision by a court of appeals to permit an appeal

from a class certification order "does not stay proceedings in the district court unless the district

judge or the court of appeals so orders."  Fed. R. Civ. P. 23(f).  When a district court is

confronted with a motion to stay pending a Rule 23(f) appeal, the decision whether to grant a

stay is

---

[3] Defendant's brief is due on August 15, 2014; plaintiffs' brief is due on September 15, 2014; defendant's reply brief is due on September 29, 2014.  *See* Order, *In re District of Columbia*, No. 14-8001 (D.C. Cir. July 3, 2014).

a discretionary matter to be informed by a flexible application of the well-established, four-factor balancing test employed to consider preliminary injunctive relief and other stays pending appeal in this Circuit – (1) whether there is a substantial likelihood that the movant will succeed on the merits of the claims/appeal; (2) whether the movant will suffer irreparable injury if an injunction/stay does not issue; (3) whether others will suffer harm if an injunction/stay is granted; and (4) whether the public interest will be furthered by an injunction/stay.

*In re Lorazepam v. Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002); *see In re Rail Freight Fuel Surchage Antitrust Litig.*, 286 F.R.D. 88, 91 (D.D.C. 2012); *DL v. D.C.*, No. 05-cv-1437, 2014 WL 29260 (D.D.C. Jan. 3, 2014); *see also* Order, *In re Veneman*, No. 02-5021 (D.C. Cir. Feb. 8, 2002) (applying "stringent standard for a stay pending appeal" to motion for a stay pending disposition of a Rule 23(f) petition).  In weighing these four factors, a stay is appropriate if "the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting."  *In re Rail Freight*, 286 F.R.D. at 93.  Balancing these four factors leads to the conclusion that no stay is warranted.

### A.      First Factor: Substantial Likelihood of Success on the Merits of the Appeal

Where, as here, the Court of Appeals has not yet ruled on the Rule 23(f) petition, the "substantial likelihood of success on appeal" inquiry has "two layers": (1) whether the moving party will obtain permission to appeal; and (2) if permission to appeal is granted, whether the moving party will prevail on the merits of its appeal.  *In re Lorazepam*, 208 F.R.D. at 4.  Thus, the first question for this Court is whether there is a substantial likelihood that the Court of Appeals will grant defendant permission to appeal.

In a recent decision, the Court of Appeals confirmed that it has recognized "three reasons for which interlocutory review of a class certification order is appropriate under Rule 23(f)":

"(1) when a 'questionable' class certification decision creates a 'death-knell situation' for either party; (2) when the certification decision presents 'an

4

unsettled and fundamental issue of law relating to class actions . . . that is likely to evade end-of-the-case review'; and (3) when the certification decision is manifestly erroneous."

*In re Johnson*, No. 13-8002, 2014 WL 3765707, at *3 (D.C. Cir. Aug. 1, 2014) (quoting *In re Veneman,* 309 F.3d 789, 794 (2002) (quoting *In re Lorazepam & Clorazepate Antitrust Litig.,* 289 F.3d 98, 105 (D.C. Cir. 2002)).  "[O]ther circumstances may also justify review per Rule 23(f)," but "such review should be 'granted rarely.'"  *In re Johnson*, 2014 WL 3765707, at *3 (quoting *In re Lorazepam*, 289 F.3d at 105).

Defendant's Rule 23(f) petition rests on a claim that the certification decision was manifestly erroneous.  As the Court of Appeals has observed, "[t]his is a difficult standard to meet" and there is a "high bar for doing so."  *In re Johnson*, 2014 WL 3765707, at *4 (citing *Chamberlan v. Ford Motor Co.,* 402 F.3d 952, 962 (9th Cir. 2005)).  As explained in *In re Johnson*, as long as a district court has "applied the correct standards and the cases relied upon by the [petitioning party] do not squarely foreclose the class certification," there is no manifest error.  *Id*.  Indeed, the court in *In re Johnson* observed that the D.C. Circuit has "never before granted Rule 23(f) review on the basis of a manifest error."  *Id*.

Applying this standard to the instant case, the Court does not believe that there is a substantial likelihood that the District's Rule 23(f) petition will be granted.  Defendant asserts that the class certification order was "manifestly erroneous" because this Court misapplied the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), and the D.C Circuit's decision in *DL v. DC* , 713 F.3d 120 (D.C. Cir. 2013).  Specifically, defendant claims that (1) the District's alleged "failure to implement an effective system of transition assistance" does not satisfy the "commonality" requirement of Rule 23(a)(2), which requires plaintiffs to identify a uniform policy or practice that affects all class members; and (2) for

5

essentially the same reason, there is no indivisible injunction that could provide relief to all of the class members at once, as required by Rule 23(b)(2). Defendant acknowledges, however, that these alleged errors concern the Court's application of existing law to the unique facts of this case, which is not the type of error that the Court of Appeals considers "manifest." *See In re Johnson*, 2014 WL at 3765707, at *4; *see also Chamberlan*, 402 F.3d at 952 ("It is difficult to show that a class certification order is manifestly erroneous unless the district court applies an incorrect Rule 23 standard or ignores a directly controlling case. Class certification decisions rarely will involve legal errors, however, simply because class actions typically involve complex facts that are unlikely to be on all fours with existing precedent."). Indeed, the Court of Appeals has already denied one Rule 23(f) petition challenging a district court's application of its opinion in *DL v. DC*, finding that it was not manifestly erroneous. *See In re District of Columbia*, No. 13-8009 (D.C. Cir. Jan. 30, 2014).

Defendant strongly urges the Court to take the Court of Appeals' decision to refer the Rule 23(f) petition to a merits panel as a strong signal that the petition will be granted. However, the Court is aware of seven Rule 23(f) petitions that have been referred to merits panels since 2001, only one of which was granted and that was not based on a finding of manifest error. *Compare In re Lorazepam.*, 289 F.3d at 100 (Rule 23(f) petition referred to merits panel then denied), *In re Veneman*, 309 F.3d 789 (D.C. Cir. 2002) (same), *In re James*, 444 F.3d 643 (D.C. Cir. 2006) (same), *In re D.C. Water and Sewer Auth.*, 561 F.3d 494 (D.C. Cir. 2009) (same), *In re U–Haul, Int'l Inc.*, No. 08–7122, 2009 WL 902414 (D.C. Cir. April 6, 2009) (same), *and In re Johnson*, 2014 WL 3765707, at *1, *with In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 247 (D.C. Cir. 2013) (granting review based on "special circumstances," including a "confluence of multiple rationales" and a subsequent decision of the Supreme Court). As other

6

district judges have noted, "[i]t is a fool's errand to try to predict what the court of appeals is likely to do before it acts or, absent explanation, to speculate on why it has made a certain procedural decision." *In re Rail Freight*, 286 F.R.D. at 93.

Although the Court has made no secret of its view that the class certification issues in this case are complicated and, to some extent, novel in this Circuit, it certainly does not believe that the Court of Appeals could find its rulings to be "manifestly erroneous," at least not as that standard has been defined. Accordingly, the Court finds that defendant has not shown a substantial likelihood of success on its Rule 23(f) petition, which necessarily means that it has not shown a substantial likelihood of success on appeal.

## B.      Three Remaining Factors

The three remaining factors for the Court to weigh are (1) whether defendant will suffer irreparable injury if a stay does not issue; (2) whether others will suffer harm if a stay is granted; and (3) whether the public interest will be furthered by a stay. Of these factors, only the first arguably weighs in defendant's favor.

On the question of irreparable injury to defendant if a stay is denied, defendant argues that it will suffer irreparable injury due to the expenditure of time and resources on unnecessary discovery. In the first place, "litigation expenses alone do not necessarily qualify as irreparable harm." *In re Lorazepam,* 208 F.R.D. at 6. Moreover, the Court has already stayed expert discovery pending disposition of the Rule 23(f) petition, and the remaining fact discovery is limited in scope, thereby minimizing any injury to defendant if the stay is denied. Thus, to the extent this factor weighs in defendant's favor, it is not a significant consideration.

On the question of harm to others from granting a stay, defendant argues that a stay of discovery would not cause harm to plaintiffs because any delay would be *de minimus*. However,

just as it is almost impossible to predict whether the Court of Appeals will grant the Rule 23(f)

petition, it is impossible to know when it will make its decision.  What the Court does know is

that with briefing not scheduled to be completed until the end of September and no date set for

oral argument, the delay will certainly be more than a couple of months, *cf. In re Lorazepam,*

208 F.R.D. at 4–5 (staying case where expected delay would be limited to a few months), and it

could over a year.  *See, e.g*., *In re Johnson*, No. 13-8002 (Rule 23(f) petition filed on March 11,

2013; referred to merits panel on June 21, 2013; fully briefed by December 16, 2013; oral

argument date set on February 18, 2014; oral argument held on April 21, 2014; petition denied

on August 1, 2014, one year and 5 months after it was filed).  In addition, given the injunctive

nature of the relief sought in this case, and the nature of the class, delaying the litigation will

almost certainly deprive some class members of the opportunity to benefit from any relief that is

obtained.[4]  Thus, on balance, the Court finds that plaintiffs "have demonstrated a risk of

significant harm that offsets that faced by defendants, particularly in light of defendants' failure

to show a substantial likelihood of prevailing on the merits of their appeal."  *In re Rail Freight*,

286 F.R.D. at 94.

Finally, on the question of the public interest, the Court finds that if the public interest is

"rooted in the proper resolution of the important issues raised in this case," as defendant

contends, granting a stay of discovery would not further that interest.

In sum, the Court finds that defendants have failed to demonstrate that the likelihood of

success of their appeal is sufficiently high that the costs of proceeding with fact discovery

---

[4] As defendant is aware, since the commencement of this litigation in 2010 several named
plaintiffs have died.

outweigh the costs of further delay.  Accordingly, the Court concludes that no stay of fact discovery is warranted.

## II.     DISCOVERY ISSUES

The parties' Joint Status Report proposes a schedule for remaining fact discovery should the Court decide, as it has, to deny defendant's motion for a stay.  (Joint Status Report, July 10, 2014 [ECF No. 140].)  According to that report, the parties agree that all answers to all interrogatories (including supplementation of existing responses) and production of all responsive documents (including supplementation of existing document productions) shall be completed by September 12, 2014, and that all fact witness depositions, including 30(b)(6) depositions, shall be completed by December 31, 2014.  (*Id*. at 1.)  Defendant does not contemplate any additional depositions of the named plaintiffs, but may seek a third-party deposition related to a recently released report on long-term care.  (*Id*. at 2.)  Plaintiffs intend to take additional depositions in preparation for trial.  (*Id*. at 2.)

The parties disagree on only two matters.  First, "it is the District's position that Plaintiffs are required to obtain leave of Court, pursuant to Rule 30(a)(2), in order to conduct any additional depositions, as they already have taken twelve depositions in this matter."  (*Id*. at 2 (citing Fed. R. Civ. P. 30(a)(2)(A)(i)).)  Second, plaintiffs "question the purpose of Defendant's notice of specific third-party discovery subjects at this junction."  (*Id*. at 2.)  To the extent these anticipated discovery disputes cannot be resolved by the parties, the Court will refer them to Magistrate Judge Kay for resolution.

## CONCLUSION

Accordingly, and for the reasons stated above, it is hereby

**ORDERED** that defendant's renewed motion for a stay of discovery [ECF No. 138] is

**DENIED**; and it is further

**ORDERED** that all discovery disputes are referred to Magistrate Judge Alan Kay for

resolution.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   August 8, 2014