UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IVY BROWN, *et al.*,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 10-2250 (ESH)

## MEMORANDUM OPINION AND ORDER

Before the Court is the District of Columbia Housing Authority's Motion to Quash Subpoena and Subpoena Duces Tecum and [for an] Award of Fees and Costs, ECF No. 315, and plaintiffs' Cross-Motion to Enforce, ECF No. 319. For the reasons stated herein, the motion to quash is denied and the cross-motion to enforce is granted.

The subpoena at issue seeks deposition testimony from a Rule 30(b)(6) designee from the District of Columbia Housing Authority ("DCHA") and related documents concerning DCHA's public housing program and its Housing Choice Voucher Program. DCHA seeks to quash the subpoena on both procedural and substantive grounds and seeks sanctions against plaintiffs' counsel.

### I. PROCEDURAL ARGUMENTS

DCHA argues that the subpoena should be quashed because it was not properly served on opposing counsel, it was served without a witness fee, and it was improperly addressed to the "Custodian of Records," although it sought to depose a Rule 30(b)(6) designee. (DCHA Mot. at 3-4.) For the reasons set forth by plaintiffs in their cross-motion to enforce (Pls.' Cross-Motion

at 8-9), the Court finds DCHA's procedural objections to be without merit.

## II. SUBSTANTIVE ARGUMENTS

DCHA also argues that the subpoena should be quashed because it is unduly burdensome, seeks documents that are irrelevant and not likely to lead to admissible evidence, and may require the disclosure of confidential information. (DCHA Mot. at 4-5.) The Court disagrees. First, DCHA offers nothing but conclusory statements to support its claim of undue burden. Plaintiffs have also delineated the scope of information they are seeking with respect to DCHA's wheelchair-accessible public housing inventory and "Special Purpose" housing vouchers (*see* Pls.' Cross-Mot. at 3-4 (citing Pls.' Ex. 6)). Second, the information plaintiffs seek is relevant. DCHA witnesses testified in the first trial in this case, and the District of Columbia has indicated that its potential witnesses in the second trial include "[r]epresentatives from the District of Columbia Housing Authority (DCHA), potentially including but not limited to Carolyn Punter (Director of the Housing Choice Voucher Program, DCHA)," who will testify "concerning the issues raised at trial in November of 2016 by DCHA witnesses." (District of Columbia's Supp. Interrogatory Resp., Feb. 11, 2020 (Pls.' Ex. 9).) In addition, as this Court and the D.C. Circuit have noted, the availability of wheelchair-accessible housing, whether in the public housing program or the HCVP program, is critical to the issues raised by this litigation. Finally, the subpoena does not seek any confidential information. (*See* Pls.' Cross-Mot. at 6 (citing Pls.' Ex. 2).)

## III. SANCTIONS

As DCHA's objections to plaintiffs' subpoena are meritless, there is no basis for imposing sanctions on plaintiffs' counsel.

Accordingly, it is hereby

**ORDERED** that DCHA's Motion to Quash Subpoena and Subpoena Duces Tecum and [for an] Award of Fees and Costs, ECF No. 315, is **DENIED**; it is further

**ORDERED** that plaintiffs' Cross-Motion to Enforce, ECF No. 319, is **GRANTED**; it is further

**ORDERED** that, on or before March 23, 2020, DCHA shall designate a Rule 30(b)(6) deponent(s) on Matters for Examination Nos. 1-8 identified in the subpoena served by Plaintiffs on DCHA on February 14, 2020 (Pl. Ex. 6 to plaintiffs' cross-motion to enforce) ("February 14 Subpoena"); it is further

**ORDERED** that, on or before March 23, 2020, DCHA shall produce documents in response to Documents to Be Produced Nos. 1 and 2 as they relate to Matters for Examination Nos. 1-2, 5-6, and 8, as set forth in the February 14 Subpoena; and it is further

**ORDERED** that, on a mutually convenient date prior to the close of discovery on April 8, 2020, DCHA's designee(s) will testify at a deposition pursuant to Rule 30(b)(6), as noticed by plaintiffs in the February 14 Subpoena.

/s/ Ellen S. Huvelle
ELLEN S. HUVELLE
United States District Judge

Date:   March 16, 2020