UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IVY BROWN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 10-2250 (PLF) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

On October 16, 2020, plaintiffs filed a Motion for One Additional Fact Deposition, Related Document Discovery, and a Corresponding Extension of the Discovery Schedule ("Motion for Discovery") [Dkt. No. 350].  On October 30, 2020, the District of Columbia filed its Opposition to plaintiffs' Motion for Discovery ("Opp. Disc.") [Dkt. No. 356]. On October 26, 2020, plaintiffs filed a Motion to Extend the Deadline for Their Expert Reports and/or to Schedule a Status Conference at the Court's Earliest Convenience ("Motion to Extend") [Dkt. No. 351].  Simultaneously, they filed a Motion to Expedite Consideration of their Motion to Extend ("Motion to Expedite") [Dkt. No. 352].  This Court granted plaintiffs' Motion to Expedite and set a briefing schedule.  See Order of October 27, 2020 [Dkt. No. 353].  On October 29, 2020, the District filed its Opposition to plaintiffs' Motion to Extend ("Opp. Extend") [Dkt. No. 354].  Plaintiffs filed their Reply in Support of Their Motion to Extend ("Reply") [Dkt. No. 355] on October 30, 2020.

Because the plaintiffs' Motion for Discovery and Motion to Extend each ask for amendments to the amended scheduling order issued on July 13, 2020 [Dkt. No. 341], the Court

will address both pending discovery motions in this memorandum opinion.  For the reasons that follow, the Court will deny plaintiffs' Motion for Discovery and will grant in part and deny in part plaintiffs' Motion to Extend.

## I.  BACKGROUND

Plaintiffs are a class of physically-disabled individuals who have been living in nursing facilities but who seek to transition to community-based care.  In this action, plaintiffs allege that the District of Columbia has failed to provide adequate services to assist class members in transitioning to community-based care, which has caused them to remain in nursing facilities in violation of the integration mandate of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq.  See Fourth Amended Complaint [Dkt. No. 162] ¶ 3.  After a nine-day bench trial, Judge Ellen Segal Huvelle, who presided over this case prior to her retirement, found that plaintiffs had not shown the "existence of a concrete, systemic failure that entitles them to class-wide relief." Brown v. District of Columbia, 322 F.R.D. 51, 96 (D.D.C. 2017).  She therefore entered judgment for the District of Columbia.  See id.

Plaintiffs appealed and the court of appeals reversed.  It held that by requiring plaintiffs to establish a "'concrete, systemic deficiency' in the District's transition services," the district court had "require[d] plaintiffs to meet a burden they should not have been made to shoulder." Brown v. District of Columbia, 928 F.3d 1070, 1079 (D.C. Cir. 2019).  The court of appeals therefore remanded for a new trial.  See id. at 1083-85 (laying out remand instructions). The main issue on remand is whether the District can establish that plaintiffs' requested accommodations are unreasonable.  Id. at 1083.  The District may establish that in one of two ways.  First, the District could show that it has an adequate so-called "Olmstead Plan" in place.

If it cannot do that, the District could "establish that each of the four provisions of plaintiffs' requested injunction would be so costly as to require an unreasonable transfer of the District's limited resources from other disabled individuals." Id. at 1084.

## II.  LEGAL STANDARD

Reopening discovery requires a showing of good cause.  See In re Rail Freight Fuel Surcharge Antitrust Litig., 138 F. Supp. 3d 1, 2 (D.D.C. 2015).  "Courts generally consider six factors when determining whether to reopen discovery: '(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that the discovery will lead to relevant evidence.'"  Id. (quoting Watt v. All Clear Bus. Sols., LLC, 840 F. Supp. 2d 324, 326 (D.D.C. 2012)).  The question of whether to reopen discovery is "committed to the sound discretion of the trial court."  Watt v. All Clear Bus. Sols., LLC, 840 F. Supp. 2d at 326 (citation omitted).

Similarly, scheduling orders "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b).  What constitutes good cause varies based on the circumstances of the case.  See 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1522.2 (3d ed. 2010).  Generally, however, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite [its] diligence.'"  Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 226 (D.C. Cir. 2011) (citation omitted).  Even "if the moving party establishes that [it] acted diligently, [it] must also show that there is a lack of prejudice to the

opposing party." Breen v. Chao, Civil Action No. 05-0654, 2019 WL 1304327, at *4 (D.D.C. Mar. 21, 2019) (quoting Lovely-Coley v. District of Columbia, 255 F. Supp. 3d 1, 7 (D.D.C. 2017)).

### III. DISCUSSION

#### A. Motion for Additional Discovery

Plaintiffs seek leave to conduct one additional fact deposition, a deposition of Jennifer Reed, Director of the D.C. Office of Budget and Performance Management, see Motion for Discovery at 4, and request production of documents related to that deposition, see id. at 6-7. They state that the deposition and related documents will help them "to learn about the facts relevant to the District's fundamental alteration defense." Id. at 4, 7. Plaintiffs aver that the deposition will impose only a modest burden on the District. Id. at 5. Finally, they request an amended scheduling order to reflect the additional time they will need to review the documents and conduct the deposition. See id. at 8.

The District responds that plaintiffs have failed to show good cause to reopen fact discovery. See Opp. Disc. at 5. Plaintiffs, it asserts, cannot articulate what useful information they would glean from deposing Director Reed at this time. Id. at 6. The District also argues that a deposition of Director Reed would impose a large burden because she is currently directing the District's budget-planning process for 2021. Id. at 8. Finally, the District points out that these same arguments were made before and rejected by Judge Huvelle as recently as July of this year. Id. at 5, 10.

The Court will not reopen discovery at this time. Of the factors courts consider when deciding a motion to reopen discovery, only one weighs in favor of plaintiffs: the trial is not imminent. See In re Rail Freight Fuel Surcharge Antitrust Litig., 138 F. Supp. 3d at 2.

4

Conversely, the motion is opposed, and the District maintains that it would be prejudiced by the time it would require to gather the requested documents, as well as the time the deposition would take away from the deponent's other responsibilities. See id. In addition, plaintiffs were not diligent in seeking leave to conduct an additional deposition. Indeed, they have known since July that they wished to depose Director Reed, and they even had Judge Huvelle's permission to take Director Reed's deposition as one of their five allotted depositions. See July 13, 2020 Hearing Transcript [Dkt. No. 346] at 39. They chose not to do so.

A deposition of Director Reed is also unlikely to lead to relevant evidence. See In re Rail Freight Fuel Surcharge Antitrust Litig., 138 F. Supp. 3d at 2. Plaintiffs state that they need the deposition to learn facts the District will use to present its fundamental alteration defense. But as Judge Huvelle noted, "until the District puts on their fundamental alteration defense, [plaintiffs don't] know enough to even depose" Director Reed. See July 13, 2020 Hearing Transcript at 38-39. In other words, she said, it would be a "waste of time" for plaintiffs to depose Director Reed regarding budgetary decision-making until they know whether the District's fundamental alteration defense will include arguments about inequitable distribution of the budget. See id. at 39-40, 42. Judge Huvelle suggested that after the District presents its defense at trial, plaintiffs could ask for a continuance in order to depose Director Reed if they had good cause to do so. See id. at 39. She also noted that plaintiffs already have information about the District's budget and budgetary priorities, as that information is publicly available. See id. at 33. For these reasons, Judge Huvelle held plaintiffs' request for documents relating to Director Reed "in abeyance." July 13, 2020 Scheduling Order at 2. The Court finds that it is appropriate to continue to hold that request in abeyance at this time.

5

Case 1:10-cv-02250-PLF   Document 357   Filed 11/03/20   Page 6 of 9

Finally, plaintiffs do not argue that circumstances have changed such that the Court's decisions in July merit reconsideration. The Court acknowledges that the accelerated discovery schedule was due in part to Judge Huvelle's imminent retirement. Nonetheless, the Court is not declining to reopen discovery because of a desire to strictly adhere to discovery limits set by Judge Huvelle. Rather, the Court finds that plaintiffs have not established what benefit would accrue from reopening fact discovery at this late date for the purpose of deposing Director Reed. Because plaintiffs have failed to show good cause, the Court denies their Motion for Discovery.

B.  *Motion to Extend Deadline for Expert Reports*

Plaintiffs also move for a forty-five-day extension of time to file their expert reports. See Motion to Extend at 9. They state that good cause exists for the extension because recent fact depositions revealed the existence of documents that are relevant to the issues on remand, including documents not previously produced that concern the adequacy of the District's Olmstead Plan and whether the requested accommodations would "fundamentally alter" the District's provision of services. See id. at 2, 6-7. Plaintiffs contend that these documents should have been produced by the District before now because they are responsive to plaintiffs' October 2019 document requests. See id. at 5. Plaintiffs state that much of the information is "central to this case" and necessary for the experts to complete their reports. Id. at 6-7. They argue that they could not have foreseen that the District would not have timely produced the documents. See Reply at 6.

The District responds that plaintiffs have always known they would have only two weeks between the end of depositions and submission of expert reports. See Opp. Extend at 3. It points out that documents relevant to a party's case often come to light during depositions and

6

argues that plaintiffs' failure to take this into account shows a lack of diligence. See id. at 4-5. The District ultimately characterizes this motion as "but one more attempt to extend discovery and further delay the resolution of this case." Id. at 1.

The Court concludes that plaintiffs have shown good cause to extend the deadline for their expert reports. See FED. R. CIV. P. 16(b). The documents that plaintiffs now seek are plainly responsive to their October 2019 document requests. See Plaintiffs' Second Request for Production of Documents [Dkt. No. 351-1]. The requested extension therefore is necessary in part because the District failed to fully comply with those requests and to supplement its document productions by September 8, 2020, as ordered by the Court. See July 13, 2020 Scheduling Order [Dkt. No. 341] at 3. Further, while it is true that parties often discover the existence of relevant documents during depositions, the Court cannot reasonably agree that a party should anticipate that opposing counsel will be derelict in its responsibility to supplement disclosures.

The District offers no evidence to supports its claim that plaintiffs have not been diligent in their attempts to meet the Court's deadlines. See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d at 226. As soon as plaintiffs learned about the additional documents, they requested them from the District. Plaintiffs also did not fail to anticipate the need for more time between depositions and expert reports. Instead, they requested thirty days. See Joint Status Report of July 8, 2020 [Dkt. No. 340] at 6. Although Judge Huvelle did not, at that time, believe thirty days would be necessary, this Court is now convinced that more time should be given to plaintiffs – at least in part because of the District's failure to timely supplement document productions.

The Court further concludes that an extension of time would not prejudice the District.  See Breen v. Chao, 2019 WL 1304327, at *4.  Indeed, the District has not argued that it would be prejudiced in any real sense by the proposed extension.  See generally Opp. Extend.  To the extent that the District argues that it is prejudiced by what it characterizes as a litany of extension requests, the Court finds that argument unconvincing.  While this case was originally filed almost ten years ago, the court of appeals only issued its remand opinion in July 2019.  See Brown v. District of Columbia, 928 F.3d 1070.  Since then, both parties have sought extensions of time to complete discovery.  See July 13, 2020 Hearing Transcript at 44 (stating that the District "agreed to produce an expert back in the end of April, beginning of May" and therefore requiring it to "give an expert report by August 28th").

Finally, this case is distinguishable from cases where courts have denied motions to amend scheduling orders.  Those denials generally occur where the moving party has exercised far less diligence than plaintiffs have shown in this case.  See, e.g., Artis v. Yellen, 307 F.R.D. 13 (D.D.C. 2014) (declining to allow the submission of an additional expert report eight months after the deadline); Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d at 226 (denying a motion to file a supplement to expert disclosures where party noticed depositions the same day the disclosures were due, thus precluding the expert's ability to incorporate information gained from those depositions); cf. Cumis Ins. Soc'y, Inc. v. Clark, 318 F. Supp. 3d 199 (D.D.C. 2018) (finding good cause to amend the scheduling order, despite party's failure to participate actively in litigation, because party was concurrently involved in criminal and administrative proceedings and imprisoned during the pendency of the case).

The Court finds that a forty-five-day extension is not necessary for plaintiffs to complete document review and incorporate that information into their expert reports; thirty days

8

should suffice. The Court will therefore allow two weeks for the District to comply with plaintiffs' document requests and fully supplement plaintiffs' October 2019 document requests. Plaintiffs will have two weeks from the date the District fulfills its discovery obligations to submit their expert reports. Accordingly, it is hereby

ORDERED that plaintiffs' Motion [Dkt. No. 350] for Discovery with respect to Director Reed is DENIED; it is

FURTHER ORDERED that plaintiffs' Motion [Dkt. No. 351] to Extend is GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that the Scheduling Order of July 13, 2020, is amended as follows:

(1) The District shall produce all documents requested by plaintiffs on or before November 17, 2020.

(2) Plaintiffs shall submit their expert reports on or before December 1, 2020.

(3) The District shall take plaintiffs' experts' depositions on or before December 15, 2020.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: November 3, 2020

9