UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IVY BROWN, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-2250 (PLF) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

OPINION AND ORDER

Before the Court is plaintiffs' Motion [Dkt. No. 363] to Compel the Production of Documents Related to the 2021 *Olmstead* Plan. Upon careful consideration of the parties' filings, the relevant legal authorities, and the entire record in this case, the Court will grant plaintiffs' motion to compel.[1]

---

[1] The documents reviewed in connection with plaintiffs' motion to compel include: Fourth Amended Complaint ("Fourth Am. Compl.") [Dkt. No. 162]; September 17, 2019 Scheduling Order ("9/17/19 Sched. Order") [Dkt. No. 291]; September 16, 2019 Status Conference Transcript ("9/16/19 Status Conf. Tr.") [Dkt. No. 292]; January 21, 2020 Scheduling Order ("1/21/20 Sched. Order") [Dkt. No. 306]; July 13, 2020 Scheduling Order ("7/13/20 Sched. Order") [Dkt. No. 341]; Plaintiffs' Motion to Compel ("Pl. Mot.") [Dkt. No. 363]; Plaintiffs' Second Request for Documents ("Pl. Second Req. for Docs.") [Dkt. No. 363-4]; Plaintiffs' Second Set of Interrogatories ("Pl. Second Interrog.") [Dkt. No. 363-5]; Plaintiffs' October 13, 2020 Email ("Pl. 10/13/20 Email") [Dkt. No. 363-8]; October 29, 2020 Letter ("10/29/20 Letter") [Dkt. No. 363-9]; November 17, 2020, to January 7, 2021 Email Exchange ("Email Exchange") [Dkt. No. 363-10]; Defendant's Opposition to Plaintiffs' Motion to Compel the Production of Documents Related to the 2021 *Olmstead* Plan ("Opp.") [Dkt. No. 364]; Newland Deposition Transcript ("Newland Depo.") [Dkt. No. 364-1]; Defendant's Responses and Objections to Plaintiffs' Second Request for Production of Documents ("Def. Resp. & Obj.") [Dkt. No. 364-4]; January 15, 2021 Status Conference Transcript ("1/15/21 Status Conf. Tr.") [Dkt. No. 366]; and Plaintiffs' Reply in Support of their Motion to Compel the Production of Documents Related to the 2021 *Olmstead* Plan ("Reply") [Dkt. No. 367].

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are a class of physically-disabled individuals who have been living in nursing facilities but who seek to transition to community-based care. In this action, plaintiffs allege that the District of Columbia has failed to provide adequate services to assist class members in transitioning to community-based care, which has caused them to remain in nursing facilities in violation of the integration mandate of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. See Fourth Am. Compl. ¶ 3. After a nine-day bench trial, Judge Ellen Segal Huvelle, who presided over this case prior to her retirement, found that plaintiffs had not shown the "existence of a concrete, systemic failure that entitles them to class-wide relief." Brown v. District of Columbia, 322 F.R.D. 51, 96 (D.D.C. 2017). She therefore entered judgment for the District of Columbia. See id.

Plaintiffs appealed and the court of appeals reversed. It held that by requiring plaintiffs to establish a "'concrete, systemic deficiency' in the District's transition services," the district court had "require[d] plaintiffs to meet a burden they should not have been made to shoulder." Brown v. District of Columbia, 928 F.3d 1070, 1079 (D.C. Cir. 2019). The court of appeals therefore remanded for a new trial. See id. at 1083-85 (laying out remand instructions). The main issue on remand is whether the District can establish that plaintiffs' requested accommodations are unreasonable. Id. at 1083. The District may establish that in one of two ways. First, the District could show that it has an adequate "Olmstead Plan" in place. If it cannot do that, the District could "establish that each of the four provisions of plaintiffs' requested injunction would be so costly as to require an unreasonable transfer of the District's limited resources from other disabled individuals." Id. at 1084.

Since remand, the parties have engaged in further discovery on the issues identified by the D.C. Circuit. See 9/16/19 Status Conf. Tr.; 9/17/19 Sched. Order; 1/21/20 Sched. Order; 7/13/20 Sched. Order. On October 16, 2019, plaintiffs issued a request for the production of documents. See Pl. Second Req. for Docs. Plaintiffs requested

> [a]ll documents from January 1, 2015, to the present, relating to the District's implementation of the DC Olmstead Community Integration Plan, including, but not limited to, documents of the Department of Behavioral Health (DBH), DC Health (formerly called Department of Health), the Department of Health Care Finance (DHCF), the DC Department of Human Services (DHS), the DC Office on Aging and Community Living (DACL) (formerly called DC Office on Aging), the DC Department of Disability Services (DDS), the Office of Disability Rights (ODR), the Office of the State Superintendent of Education (OSSE), the Office of the Mayor, and the Office of the Deputy Mayor for Health and Human Services.

Id. at 6. The District objected to this request, arguing that plaintiffs were "impermissibly seeking documents protected from disclosure by one or more privileges, including the attorney-client privilege and the deliberative process privilege." Def. Resp. & Obj. at 5-6.

Plaintiffs also requested "[a]ll documents that refer or relate to the District's answers or objections to interrogatories 1 through 20 in Plaintiffs' Second Set of Interrogatories." Pl. Second Req. for Docs at 5. On the same date, plaintiffs issued their second set of interrogatories. See Pl. Second Interrog. Interrogatories 1 and 19 state the following:

> 1. Describe all facts that refer or relate to whether the District has a comprehensive, effectively working Olmstead Plan for the transition of nursing facility Residents to the community that includes a waiting list that moves at a reasonable pace.
>
> 19. For FY2020-FY2022, identify the agencies, programs, and funding on which the District will rely to implement its Olmstead Community Integration Plan with respect to Residents and Future Residents.

Id. at 6, 9.

3

On October 8, 2020, plaintiffs deposed the Director of the District of Columbia's Department on Aging and Community Living, Laura Newland.  See Newland Depo.  In her deposition, she explained that she anticipated "significant differences" between the 2017-2020 Olmstead Plan and the "next iteration of the Olmstead Plan."  Id. at 2.  After the deposition, Plaintiffs sent an email to counsel for the District requesting documents based on Ms. Newland's testimony:

> [D]uring Director Newland's deposition, she testified that the process of revising the Olmstead Plan . . . is sufficiently far along in the drafting process that she was able to describe the structure and some of the details of the revised plan.  Given the central importance of the Olmstead Plan and the process through which decisions are made about the plan, Plaintiffs request that the District provide us with drafts and emails about the planning process.

Pl. 10/13/20 Email.  Plaintiffs further noted that "Director Newland testified that she thought the two plans were very different[,] making this information essential for the Plaintiffs to secure immediately."  Id.  The District did not produce the materials requested by plaintiffs.  On October 29, 2020, plaintiffs sent a letter to counsel for the District to follow up on various outstanding discovery issues, including the request made in the October 13 email.  10/29/20 Letter at 3-4.

On December 4, 2020, in response to a supplemental production from the District, plaintiffs noted that the District had not yet produced "drafts and emails regarding the planning process for the 2021 Olmstead Plan," nor had it identified those documents on a privilege log.  Email Exchange at 6.  The District objected to the request, stating:  "This request seeks documents covered by the deliberative process privilege. As [] previously noted, privilege logs are not required for requests that are solely for privileged material."  Id. at 5.

The parties discussed the dispute with the Court at a January 15, 2021 status conference. 1/15/21 Status Conf. Tr. at 13-14. This Court advised the parties to address the dispute at a meet and confer. Id. The parties held a meet and confer on January 25, 2021, at which time the District reiterated its objection to producing drafts and emails relating to the 2021 Olmstead Plan on the basis of the deliberative process privilege. Id. at 5. The parties therefore did not reach an agreement on this issue.

On February 8, 2021, plaintiffs filed this motion to compel production of documents related to the planning of the 2021 Olmstead Plan. See Pl. Mot. The District filed its opposition on February 18, 2021, see Opp., and plaintiffs filed their reply on February 25, 2021, see Reply.

## II.  LEGAL STANDARD

The deliberative process privilege is a "qualified, common law executive privilege." Landry v. Fed. Deposit Ins. Corp., 204 F.3d 1125, 1135 (D.C. Cir. 2000). The privilege protects from discovery "'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 2 (2001) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)). In other words, it protects material that is pre-decisional and deliberative. In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997). "The deliberative process privilege does not shield documents that simply state or explain a decision the government has already made or protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations." Id.

5

"Documents which are protected by the privilege are those which would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980). The policy behind the deliberative process privilege is to "enhance 'the quality of agency decisions' by protecting open and frank discussion among those who make them within the Government." Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. at 8 (citations omitted); see also NLRB v. Sears, Roebuck & Co., 421 U.S. at 150 (explaining that "cases uniformly rest the privilege on the policy of protecting the 'decision making processes of government agencies'").

In order to adequately assert the deliberative process privilege, a party must "'establish a formal, considered, detailed claim of privilege.'" Doe v. District of Columbia, 230 F.R.D. 47, 51 (D.D.C. 2005) (quoting Tri-State Hosp. Supply Corp. v. United States, 226 F.R.D. 118, 134 n.13 (D.D.C. 2005)). An adequate assertion of the privilege "requires: (1) a formal claim of privilege by the 'head of the department' having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege." Landry v. Fed. Deposit Ins. Corp., 204 F.3d at 1135.

"[T]o avoid waiving the privilege, defendant must make a detailed argument, including affidavits from the proper governmental authorities, in support of the privilege." Doe v. District of Columbia, 230 F.R.D. at 51-52. Agencies invoking the deliberative process privilege "commonly do so through a combination of privilege logs that identify specific documents, and declarations from agency officials explaining what the documents are and how

6

they relate to the [agency] decisions." NLRB v. Jackson Hosp. Corp., 257 F.R.D. 302, 309 (D.D.C. 2009) (citing Landry v. Fed. Deposit Ins. Corp., 204 F.3d at 1134). The Court "must be able to determine, from the privilege log, that the documents withheld are (1) pre-decisional; (2) deliberative; (3) do not 'memorialize or evidence' the agency's final policy; (4) were not shared with the public; and (5) cannot be produced in a redacted form." Id.

### III. DISCUSSION

Plaintiffs move this Court to compel the District to produce documents related to the development of the District's 2021 Olmstead Plan. Pl. Mot. at 1. They argue that they are entitled to all documents that are responsive to the relevant document requests and interrogatories. Id. at 7. Plaintiffs also seek a privilege log of all documents for which the District invokes deliberative process privilege. Id. at 5. The District objects to plaintiffs' requests as overbroad. Opp. at 2. The District also argues that plaintiffs' requests are untimely. Id. at 7. Finally, the District responds that it need not produce the documents plaintiffs seek because those documents are protected by the deliberative process privilege, and it further asserts that no privilege log is required. Id. at 2, 4. The Court will consider each argument in turn.

#### A. Overbreadth

The District argues that plaintiffs' document requests are overbroad. Opp. at 2. Plaintiffs do not respond to this argument. A "party opposing discovery bears the burden of showing why discovery should be denied." Ellsworth Assocs., Inc. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996); see 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2174 (3d ed. 2002) ("The burden is on the party objecting to interrogatories to show that the information sought is not reasonably available to it."). "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how the

7

[discovery request] is . . . over broad." Tequila Centinela, S.A. de C.V. v. Bacardi & Co., 242 F.R.D. 1, 8 (D.D.C. 2007) (citation and internal quotations omitted). The objecting party "must do more than just state the objection, [it] must [also] submit affidavits or offer evidence which reveals the nature of the burden." Id. The District has provided no such evidence beyond its vague, one-paragraph argument. This Court concludes that the District has not met its burden to show that plaintiffs' requests are overbroad.

B. Timeliness

The District argues that plaintiffs' motion to compel is untimely because "plaintiffs did not actually request information specifically about the District's next *Olmstead* plan in any of their formal discovery requests." Opp. at 7. Defendants also argue that plaintiffs had actual or constructive notice that the District would be releasing a new plan "and cannot now maintain that they were surprised when it was mentioned in October 2020." Opp. at 8. Plaintiffs respond that they "do not claim that they did not know that a new plan would issue at some stage." Reply at 10. Instead, they state that until Director Newland's deposition, they were unaware that the plan was "sufficiently far along" that the "structure and some of the details of the revised plan" could be described. See Pl. 10/13/20 Email.

Plaintiffs' motion to compel is not untimely. On October 16, 2019, plaintiffs requested "all documents from January 1, 2015, to the present, relating to the District's implementation of the DC Olmstead Community Integration Plan" and "all facts that refer or relate to whether the District has a comprehensive, effectively working Olmstead Plan." Pl. Second Req. for Docs. at 6; Pl. Second Interrog. at 6. These requests encompass all documents related to the implementation of the District's Olmstead plan. This necessarily includes documents related to the implementation of a new Olmstead plan. Moreover, pursuant to

8

Rule 26 of the Federal Rules of Civil Procedure, the District "must supplement . . . its disclosure[s] or response[s] . . . in a timely manner . . . if additional or corrective information has not otherwise been made known to other parties during the discovery process." FED. R. CIV. P. 26(e)(1)(a). Plaintiffs' motion merely seeks to compel the District to supplement its disclosures to previous, timely document requests as required by Rule 26.

### C. Deliberative Process Privilege

Plaintiffs argue that in order to properly invoke the deliberative process privilege, the District must produce a log of the withheld documents. Pl. Mot. at 5. The log, plaintiffs argue, must substantiate the basis for withholding each document, and must be accompanied by supporting affidavits. Reply at 6. The District contends that it need not produce such a log because the documents plaintiffs seek are both pre-decisional and deliberative and are therefore "inherently . . . protected by the deliberative process privilege." Opp. at 4.

In so arguing, the District ignores this Circuit's binding precedent concerning deliberative process privilege. In order to adequately assert the privilege, the District must provide three things:

> (1) a formal claim of privilege by the 'head of the department' having control over the requested information;
>
> (2) assertion of the privilege based on actual personal consideration by that official; and
>
> (3) a detailed specification of the information for which the privilege is claimed, with an explanation why [the information] falls within the scope of the privilege.

See Landry v. Fed. Deposit Ins. Corp., 204 F.3d at 1135. These requirements are not new. Indeed, detailed privilege logs have been required of parties invoking the deliberative process privilege for decades. See Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 405 n.11

9

(D.C. Cir. 1984) (explaining the requirements to properly invoke the deliberative process privilege). Nevertheless, the District argues that the documents sought by plaintiffs are "inherently" or "by definition" protected by the privilege. Opp. at 4. This argument is unpersuasive. The procedure for invoking the deliberative process privilege makes clear that courts will not assume the privilege applies based on blanket assertions. See DL v. District of Columbia, 251 F.R.D. 38, 45 (D.D.C. 2008) (rejecting the District's blanket objections on the basis of deliberative process privilege). That procedure applies here as it would in any other case. To properly invoke the privilege, the District must follow the clear instructions provided by the D.C. Circuit.[2]

The District has failed to adequately assert the deliberative process privilege here. It has not provided any information that would enable either plaintiffs or the Court to determine whether each requested document or set of documents is pre-decisional, deliberative, memorializes the agency's final policy, was shared with the public, or can be produced in a redacted form. See NLRB v. Jackson Hosp. Corp., 257 F.R.D. at 309. Without this specific, detailed invocation of the privilege, this Court cannot rule on whether the privilege applies. See Doe v. District of Columbia, 230 F.R.D. at 51-52.

Plaintiffs point out that because "the District has failed entirely to provide a log or affidavits to support its invocation of the deliberative process privilege even after Plaintiffs moved to compel such information, the Court could reasonably determine that [the District] has waived the privilege." Reply at 9. Failure to adequately assert the deliberative process privilege

---

[2] Of course, in some cases "sophisticated counsel [may] agree that a certain category of information is so clearly likely to be [privileged] that it need not even be logged on a privilege log; its privileged nature is conceded." NLRB v. Jackson Hosp. Corp., 257 F.R.D. at 309. The parties in this case have clearly come to no such agreement.

can result in waiver.  See NLRB v. Jackson Hosp. Corp., 257 F.R.D. at 307.  But "waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith."  United States v. Philip Morris Inc., 347 F.3d 951, 954 (D.C. Cir. 2003) (citation and internal quotations omitted).  Plaintiffs have not argued that any of those circumstances are present here.  The Court therefore concludes that the District has not waived the right to properly assert the deliberative process privilege.

The District must produce a privilege log that identifies each document that is responsive to plaintiffs' requests, specifies the information within each document for which the privilege is claimed, and explains why each document falls within the scope of the privilege.  See Landry v. Fed. Deposit Ins. Corp., 204 F.3d at 1135.  Those explanations should include supporting affidavits from the proper authorities.  See Doe v. District of Columbia, 230 F.R.D. at 51-52.  To the extent that any of the requested documents contain purely factual information, the District must produce that material or explain how that material "is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations."  In re Sealed Case, 121 F.3d at 737.

## IV.  CONCLUSION

This Court concludes that the District of Columbia has failed to abide by its discovery obligations.  Accordingly, it is hereby

ORDERED that Plaintiffs' Motion [Dkt. No. 363] to Compel the Production of Documents Related to the 2021 Olmstead Plan is GRANTED; it is

FURTHER ORDERED that, on or before June 1, 2021,  the District of Columbia shall supplement its discovery responses with all documents relating to the 2021 Olmstead plan that are responsive to plaintiffs' discovery requests; it is

11

FURTHER ORDERED that for the documents for which the District of Columbia seeks to invoke the deliberative process privilege, it shall produce, on or before June 1, 2021, a detailed privilege log that:

(1) Includes a formal claim of privilege by the appropriate official;

(2) Specifies the information within those documents for which the deliberative process privilege is claimed; and

(3) Explains why the document falls within the scope of the deliberative process privilege; and it is

FURTHER ORDERED that the District shall continue to timely supplement its disclosures and privilege log pursuant to the Federal Rules of Civil Procedure.

SO ORDERED.

    /s/
PAUL L. FRIEDMAN
United States District Judge

DATE: April 16, 2021