# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVY BROWN, *et al.*, </br></br> Plaintiffs, </br></br> vs. </br></br> THE DISTRICT OF COLUMBIA, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 10-2250 (PLF) </br> ) </br> ) </br> ) </br> ) </br> ) |

## ORDER

Upon consideration of Plaintiffs' Memorandum of Law for July 8, 2021 Status Conference ("Plaintiffs' Memorandum") [Dkt. No. 384], Defendant's response [Dkt. No. 386], all supporting exhibits, the Parties' agreements and representations at status conferences on July 8 and July 22, 2021, and the accompanying Joint Status Report Regarding July 8 and 22, 2021 Status Conferences ("Joint Status Report"), it is hereby:

**ORDERED** that Plaintiffs' request to compel a supplemental response to Plaintiffs' Interrogatory No. 2 is denied as moot based on the District's representations reflected in the Joint Status Report; it is further

**ORDERED** that by agreement of the Parties, the District shall produce Jennifer Reed for a 4-hour deposition and shall subsequently produce any documents that she relies upon as the basis for her knowledge in response to deposition questions, which Plaintiffs request, as well as documents not yet produced that Ms. Reed relies upon or consults in preparing her testimony for trial; it is further

**ORDERED** that the District will produce to the Court by July 30, 2021 for *in camera review* the challenged documents withheld under the deliberative process privilege mutually identified by the Parties, and will provide Plaintiffs with a copy of the list of documents provided

to the Court. With respect to each document, the Court will determine whether the deliberative process privilege is properly asserted and, if so, whether the document must still be produced in whole or in part to Plaintiffs under the balancing test set forth in <u>In re Sealed Case</u>, 121 F.3d 729, 737-738 (D.C. Cir. 1997); it is further

**ORDERED** that the Parties shall produce supplemental discovery responses by **August 6, 2021** and **August 26, 2021**, with the District's production limited to the following documents or information:

1. Quarterly agency performance reports corresponding to the District's *Olmstead* Plan;

2. Monthly reports from nursing facilities conveying MDS Section Q responses;

3. Reports submitted by the District to the Centers for Medicare and Medicaid Services regarding the State Plan, EPD Waiver and Money Follows the Person Program and any other matter which the District communicates about programs that affect this class action;

4. A forthcoming "Single State Audit" of the District's Medicaid program;

5. Changes to any relevant agency standard operation procedures;

6. Documents reflecting final decisions concerning the next *Olmstead* Plan and, if applicable, categories of documents that Judge Friedman orders to be produced following *in camera* review; and

7. Supplemental responses to Plaintiffs' Interrogatory No. 18 covering the class members who were referred to DACL for transition assistance, whether and when they transitioned, what services and supports they received when they moved to the community, dates of birth, the dates of admission, the dates of transition to the community, and the kind of housing they moved into when they moved to the community.

and it is further

**ORDERED** that the District will produce by July 30, 2021, the additional 364 documents that it has identified to Plaintiffs in its July 21, 2021 supplemental privilege log as not privileged or which can be produced with redaction.

**SO ORDERED.**

_____
Paul L. Friedman
UNITED STATES DISTRICT JUDGE

Date:  \_\_\_July 29, 2021_____