UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
IVY BROWN, et al.,                      )
                                        )
            Plaintiffs,                 )
                                        )
    v.                                  )   Civil Action No. 10-2250 (PLF)
                                        )
DISTRICT OF COLUMBIA,                   )
                                        )
            Defendant.                  )
_____)

MEMORANDUM OPINION AND ORDER

On February 23, 2021, the Court issued a pretrial scheduling order ("February 23, 2021 Order") [Dkt. No. 365]. On April 9, 2021, the Court issued an order ("April 9, 2021 Order") [Dkt. No. 373] modifying certain deadlines in the February 23, 2021 Order, and on May 21, 2021, the Court issued another order ("May 21, 2021 Order") [Dkt. No. 376] further modifying certain deadlines in the February 23, 2021 Order. On August 20, 2021, plaintiffs filed a Motion to Modify This Court's Order Regarding Trial Exhibits and Expert Trial Testimony ("Plaintiffs' Motion to Modify") [Dkt. No. 389], and on August 24, 2021, the District filed a Motion to Modify Scheduling Order ("District's Motion to Modify") [Dkt. No. 392].

On September 13, 2021, the Court held a status conference with counsel to resolve the issues relating to pretrial and trial matters raised by those motions. Having considered the parties' arguments and representations at the status conference, the agreements reached by the parties at the status conference, the Joint Report Regarding the Pretrial Schedule, Plaintiffs' Motion for Sanctions Against the District, and the Format of the Trial [Dkt. No. 402]

recently filed by the parties, the Court's schedule, and the continuing impact of the COVID-19 pandemic on court proceedings in this district, the Court will grant in part and deny in part each of the motions. Accordingly, it is hereby

ORDERED that Plaintiffs' Motion to Modify [Dkt. No. 389] is GRANTED IN PART AND DENIED IN PART and the District's Motion to Modify [Dkt. No. 392] is GRANTED IN PART AND DENIED IN PART; it is

FURTHER ORDERED that the Court's February 23, 2021 Order [Dkt. No. 365], as modified by the Court's April 9, 2021 Order [Dkt. No. 373] and the Court's May 21, 2021 Order [Dkt. No. 376], is further modified by this Order, as set forth in the following paragraphs; it is

FURTHER ORDERED that the trial dates of October 4-6, 12-13, and 18-19 as set forth in the February 23, 2021 Order [Dkt. No. 365] are VACATED; it is

FURTHER ORDERED that the bench trial in this case will begin on October 25, 2021, at 10:00 a.m. and will continue on October 26-27 and November 1-3, 8, 10, 15, 17, 22, and 23, or until concluded; it is

FURTHER ORDERED that the parties shall appear via Zoom videoconference for oral argument on Monday, October 4, 2021, at 2:00 p.m., regarding the plaintiffs' Motion for a Show Cause Hearing ("Sanctions Motion") [Dkt. No. 393] and be prepared to speak to the issue of remedies; should plaintiffs wish to convert their Sanctions Motion into a motion *in limine*, they shall do so on or before Wednesday, September 22, 2021, in accordance with the pretrial schedule set forth below; it is

FURTHER ORDERED that the pretrial schedule is as follows:

| Description | Deadline |
|---|---|
| Deadline for the parties to file motions *in limine* | Wednesday, September 22, 2021 |
| Deadline for the District to share its portion of the draft joint pretrial statement with plaintiffs | Monday, October 4, 2021 |
| Deadline for the parties to file oppositions to motions *in limine* | Wednesday, October 6, 2021 |
| Deadline for the parties to file their joint pretrial statement | Wednesday, October 13, 2021 |
| Deadline for the parties to exchange stamped electronic copies of their exhibits | Wednesday, October 13, 2021 |
| Deadline for the parties to file trial briefs | Wednesday, October 13, 2021 |
| Deadline for the parties to file replies in support of motions *in limine* | Wednesday, October 13, 2021 |
| Deadline for service of trial exhibits on the Court | Friday, October 15, 2021 |
| Final pretrial conference | Monday, October 18, 2021, at 10:00 a.m.; it is |

FURTHER ORDERED that, in view of the logistical complications discussed at the September 13, 2021 status conference and ongoing COVID-19 concerns, at trial all fact witnesses and counsel shall appear remotely by videoconferencing, as shall the expert witnesses to the extent feasible; with sufficient advance notice and at the request of counsel, the Court will permit certain expert witnesses to present their testimony in person in the courtroom; it is

FURTHER ORDERED that plaintiffs shall produce for deposition the legal guardians appointed for plaintiffs Dupree and McDonald on or before September 24, 2021, and shall produce any documents that each relies upon as the basis for their knowledge in response to deposition questions, which the District requests, as well as documents not yet produced that each relies upon or consults in preparing their testimony for trial; it is

FURTHER ORDERED that Jennifer Reed shall be deposed by plaintiffs on or

before September 28, 2021; it is

FURTHER ORDERED that the parties shall submit to the Court their trial exhibits as independent PDF or native files, all labelled with exhibit numbers and accompanied by an index or table of contents, in an electronic folder to be made available on a shared drive accessible on the internet or flash drive; it is

FURTHER ORDERED that the parties shall provide to the Court three sets of paper copies of their trial exhibits in three-ring notebooks, each containing a table of contents, with the exhibits marked with exhibit numbers, separated using numbered tabs, and listed in order on the exhibit form obtained from Courtroom Deputy Clerk Tanya Johnson (tanya_johnson@dcd.uscourts.gov), except that copies of any native files may be provided on a shared drive accessible on the internet or flash drive; it is

FURTHER ORDERED that the parties shall be permitted to submit to the Court as trial exhibits deposition designations or prior trial transcript excerpts of unavailable witnesses only, and the Court will rule on a case-by-case basis on any objections to such exhibits; it is

FURTHER ORDERED that, by agreement of the parties, expert witness reports will operate as those experts' direct testimony; it is

FURTHER ORDERED that at trial the expert witnesses may supplement their expert reports on direct examination only as necessary to address information that has been produced in discovery subsequent to the issuance of their expert reports, so long as such supplemental testimony falls within the scope of the opinions offered in the experts' reports; and it is

FURTHER ORDERED that the parties shall not be permitted to *voir dire* the expert witnesses at trial to establish their credentials to offer expert testimony.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 20, 2021