UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
IVY BROWN, <u>et</u> <u>al</u>.,                 )
                                      )
          Plaintiffs,                 )
                                      )
     v.                               )          Civil Action No. 10-2250 (PLF)
                                      )
DISTRICT OF COLUMBIA,                 )
                                      )
          Defendant.                  )
                                      )
_____)


<u>MEMORANDUM OPINION AND ORDER</u>

          Plaintiffs Ivy Brown, <u>et</u> <u>al</u>., have filed a Motion for a Show Cause Hearing for the

District of Columbia to Show Why It Should Not Be Sanctioned Under Federal Rule 37 ("Pl.

Mot.") [Dkt. No. 393], seeking to preclude defendant District of Columbia from introducing in

evidence at trial the District's August 26, 2021 supplemental response to plaintiffs' second set of

interrogatories.  <u>See</u> Pl. Mot. at 21.[1]  The District opposes this motion.  <u>See</u> Defendant's

Opposition to Plaintiffs' Motion for a Show Cause Hearing ("Def. Opp.") [Dkt. No. 400].

          The parties appeared via Zoom videoconference on October 6, 2021, for oral

arguments on the motion.  For the reasons explained below, the Court concludes that sanctions

are appropriate under Rule 37 of the Federal Rules of Civil Procedure.[2]

_____

          [1]     Page number citations to the documents that the parties have filed refer to those
that the Court's electronic case filing system automatically assigns.

          [2]     The documents that the Court has reviewed in connection with the pending
motion include:  Plaintiffs' Fourth Amended Complaint ("Pl. Compl.") [Dkt. No. 162];
Plaintiffs' Exhibit 3 – Plaintiffs' Second Set of Interrogatories [Dkt. No. 363-5]; Plaintiffs'
Memorandum of Law for July 8, 2021 Status Conference [Dkt. No. 384]; Defendant's
Memorandum of Law Regarding Discovery Disputes [Dkt. No. 386]; Joint Status Report

I.  BACKGROUND

Plaintiffs are a class of physically disabled individuals who have been living in nursing facilities but who seek to transition to community-based care.  Plaintiffs allege that the District of Columbia has failed to provide adequate services to assist class members with this transition, which has caused them to remain in nursing facilities in violation of the integration mandate of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq.  See Pl. Compl. ¶ 3.  Plaintiffs seek a number of changes, also referred to as "accommodations," to the District's transition and community-based long-term care services.  See id. at 31-32; see also Brown v. District of Columbia, 928 F.3d 1070, 1081-82 (D.C. Cir. 2019) ("Plaintiffs have requested four separate accommodations, reflected in the four provisions of the proposed injunction.").  Under the first provision of the proposed injunction, the District would be required to:

> Develop and implement a working system of transition assistance
> for Plaintiffs whereby Defendant, at a minimum, (a) informs DC
> Medicaid-funded nursing facility residents, upon admission and at
> least every three months thereafter, about community-based long-
> term care alternatives to nursing facilities; (b) elicits DC Medicaid-

Regarding July 8 and 22, 2021 Status Conferences [Dkt. No. 387]; July 22, 2021 Status Conference Transcript [Dkt. No. 390]; Plaintiffs' Motion for a Show Cause Hearing for the District of Columbia to Show Why It Should Not Be Sanctioned Under Federal Rule 37 ("Pl. Mot.") [Dkt. No. 393]; Plaintiffs' Exhibit 8 – August 20, 2021 Email Chain ("Aug. 20, 2021 Email Chain") [Dkt. No. 393-8]; Defendant's Opposition to Plaintiffs' Motion for a Show Cause Hearing ("Def. Opp.") [Dkt. No. 400]; Defendant's Exhibit A – Defendant's Responses and Objections to Plaintiffs' Second Set of Interrogatories Excerpts ("Def. Opp. Ex. A") [Dkt. 400-1]; Defendant's Exhibit B – Defendant's Supplemental Responses and Objections to Plaintiffs' Second Set of Interrogatories ("Def. Opp. Ex. B") [Dkt. No. 400-2]; Defendant's Exhibit C – Defendant's Third Supplemental Responses and Objections to Plaintiffs' Second Set of Interrogatories ("Def. Opp. Ex. C") [Dkt. No. 400-3]; Plaintiffs' Reply in Support of Their Motion for a Show Cause Hearing for the District of Columbia to Show Why It Should Not Be Sanctioned Under Rule 37 ("Pl. Reply") [Dkt. No. 401]; Defendant's Supplemental Status Report [Dkt. No. 407]; and Defendant's Exhibit A – September 15, 2021 Email Chain ("Sept. 15, 2021 Email Chain") [Dkt. No. 407-1].

> funded nursing facility residents' preferences for community or
> nursing facility placement upon admission and at least every three
> months thereafter; (c) begins DC Medicaid-funded nursing facility
> residents' discharge planning upon admission and reviews at least
> every month the progress made on that plan; and (d) provides DC
> Medicaid-funded nursing facility residents who do not oppose
> living in the community with assistance accessing all appropriate
> resources available in the community.

Pl. Compl. at 31.

The discovery dispute before the Court centers around the District of Columbia's tardy supplementation of its response to the second interrogatory ("Interrogatory No. 2") of plaintiffs' second set of interrogatories. See Plaintiffs' Exhibit 3 – Plaintiffs' Second Set of Interrogatories [Dkt. No. 363-5]. Interrogatory No. 2, served on the District on October 16, 2019, reads as follows: "If the District contends that any of the injunctive relief requested by Plaintiffs in the Fourth Amended Complaint would result in a 'fundamental alteration of Defendant's programs,' describe all facts that refer or relate to the affirmative defense." Id. at 6. The District initially objected to Interrogatory No. 2, arguing among other things that it was "overly broad," as "innumerable facts may relate to this subject in various respects, and it would be infeasible to list every such fact here." Def. Opp. Ex. A at 2. On February 11, 2020, however, the District supplemented its initial response, explaining how each provision of the proposed injunction would fundamentally alter its programs. For example, the District specifically opined that the proposed injunction's first provision would require, among other things, approximately 60 additional full-time specialists to implement the changes, fundamentally altering the staffing of the D.C. Department of Aging and Community Living ("DACL"). See Def. Opp. Ex. B at 2-3. In the District's estimate, "[t]he cost of salary and benefits alone for those employees would approach $7 million." Id. at 2.

On June 30, 2021, plaintiffs asked the Court to order the District to further supplement its February 11, 2020 response to Interrogatory No. 2 with additional facts supporting the District's position that the proposed injunction would result in a fundamental alteration of the District's programs.  See Plaintiffs' Memorandum of Law for July 8, 2021 Status Conference [Dkt. No. 384] at 1-5.  In its response to plaintiffs' request, the District stated that it "has no plans to supplement its response" and "[t]here is no need for the District to supplement its responses because it has nothing more to say."  Defendant's Memorandum of Law Regarding Discovery Disputes [Dkt. No. 386] at 9.  At the July 8, 2021 status conference, the District reiterated its representation that it "does not anticipate any supplement to its interrogatory responses, which it feels were wholly appropriate and sufficient" and "do[es]n't think that plaintiffs have provided anything additional that calls for a supplement at this time."  And at the July 22, 2021 status conference, when plaintiffs' counsel noted that it would withdraw its request for a supplemental response to Interrogatory No. 2 with the understanding that the District had "made it very clear that [it] ha[s] nothing more to say on that subject," counsel for the District stated that the District "st[ood] by that statement."  July 22, 2021 Status Conference Transcript [Dkt. No. 390] at 39:1-10.

Relying on these representations, plaintiffs acknowledged that their request to supplement was moot because the District "has nothing further to supplement for its response to Interrogatory No. 2 regarding its fundamental alteration defense."  Joint Status Report Regarding July 8 and 22, 2021 Status Conferences [Dkt. No. 387] at 1.  Based on the same representation from counsel for the District, on July 29, 2021, the Court ordered that "Plaintiffs' request to compel a supplemental response to Plaintiffs' Interrogatory No. 2 is denied as moot based on the District's representations reflected in the Joint Status Report."  Order [Dkt. No. 388] at 1.

Nevertheless, less than a month later in an email to plaintiffs' counsel, counsel for the District offered to supplement its prior responses to Interrogatory No. 2 instead of using Jenny Reed, Director of the D.C. Office of Budget and Performance Management, as a trial witness. Aug. 20, 2021 Email Chain at 3-4. In response, plaintiffs' counsel noted that the District had an unqualified obligation to supplement its interrogatory responses and asked that it do so. Id. at 1.

Finally, on August 26, 2021, the District further supplemented its responses to Interrogatory No. 2 with a six-page Third Supplemental Response, verified by Laura Newland, Director of DACL. See Def. Opp. Ex. C. The District asserted, among other things, that it was providing "additional context about the potential impact of an injunction of [sic] requiring the [DACL] to transfer $7 million per year" from other programs in order to sustain the additional costs imposed by the proposed injunction's first provision. Id. at 2. Specifically, the District identified three potential combinations of seven D.C. programs for seniors and people with disabilities that could be eliminated or cut back to raise the $7 million needed to pay for the salaries and benefits of 60 additional employees. See id. at 2-5. None of this had previously been disclosed.

The following day, plaintiffs filed the motion for a show cause hearing currently before the Court.[3]

---

[3]  In their motion for a show cause hearing, plaintiffs asked the Court to convene a show cause hearing at its earliest convenience "to allow the District the opportunity to be heard on this topic and to assess this sanction." Pl. Mot. at 21; see FED. R. CIV. P. 37(c)(1) (permitting the court, "on motion and after giving an opportunity to be heard," to impose sanctions on a party for violating its obligation to disclose or supplement). On October 6, 2021, the Court heard oral argument on the motion and plaintiffs' request for sanctions. The Court therefore will treat plaintiffs' motion as a motion for Rule 37 sanctions.

## II.  DISCUSSION

Under Rule 26 of the Federal Rules of Civil Procedure, "[a] party who has . . . responded to an interrogatory . . . must supplement or correct its . . . response in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  FED. R. CIV. P. 26(e)(1)(A).  In opposing plaintiffs' motion, the District first argues that it complied with its Rule 26 obligation to supplement its response to Interrogatory No. 2 because it in fact did so on August 26, 2021.  See Def. Opp. at 2 ("The most fundamental flaw in plaintiffs' argument is that they complain of information that is provided, rather than information withheld.").  And, in the District's view, it could not have supplemented its response to Interrogatory No. 2 earlier because "the District's discussions with its client that led to the details provided in its interrogatory responses did not begin until August 2021."  Id. at 2-3.

The Court disagrees.  Under Rule 26, the District was required to supplement its response to Interrogatory No. 2 "in a timely manner" as soon as it learned its response was incomplete "in some material respect."  FED. R. CIV. P. 26(e)(1)(A).  As summarized above, the District represented to plaintiffs as well as to the Court that it had no additional facts with which to supplement its response to Interrogatory No. 2.  See supra Part I.  How could its lawyers have made such a representation – in writing and orally (twice) – unless they had interviewed District representatives to confirm such a factual determination?  Yet only a month later – after the Court denied plaintiffs' request for a supplemental response as moot – the District held out to plaintiffs the prospect of supplementing its response to Interrogatory No. 2 as a bargaining chip in exchange for withdrawing a trial witness.  Only after plaintiffs objected did the District further

supplement its response.  Such delay is inexcusable where counsel for the District clearly could

have – indeed, should have – plumbed its client for additional details with which to supplement

the District's interrogatory responses before telling plaintiffs' counsel and the Court that there

were no such details, particularly so given the District provided those very details just a month

later.  See Walls v. Paulson, 250 F.R.D. 48, 53 (D.D.C. 2008) (finding that plaintiff failed to

comply with her Rule 26(e) obligations by "foot-dragging" in supplementing her incomplete

interrogatory responses); cf. Norden v. Samper, 544 F. Supp. 2d 43, 49-50 (D.D.C. 2008) (noting

that "the motive or reason for the failure [to comply with Rule 26 obligations] is irrelevant"

under Rule 37(c)(1); "It therefore is unnecessary to decide whether the [party resisting sanctions]

acted in bad faith . . . or was simply sloppy in its search for relevant documents and in assisting

its litigation counsel in responding to interrogatories." (quoting Elion v. Jackson, Civil Action

No. 05-0992, 2006 WL 2583694, at *1 (D.D.C. Sept. 8, 2006))).

   Nor does the Court find persuasive the argument that the District had no

obligation to supplement its response to Interrogatory No. 2 because the information had

"otherwise been made known to [plaintiffs] during the discovery process."  FED. R. CIV.

P. 26(e)(1)(A); see Def. Opp. at 5-7.  Simply put, the District disclosed new, relevant, and

detailed information in its August 26, 2021 supplemental response of which plaintiffs were

previously unaware.  In its initial supplemental response, the District noted that the proposed

injunction would likely require hiring 60 additional employees at the estimated cost of $7 million

per year.  See Def. Opp. Ex. B at 2-3.  In its subsequent supplemental response, the District

elucidated that the $7 million would likely come from defunding other DACL programs.  See

Def. Opp. Ex. C at 2.  Although plaintiffs undisputedly knew of these programs, see Pl. Reply

at 4, the District had not previously disclosed that the additional $7 million would come from defunding them – as opposed to other sources of funds.

Having determined that the District violated its supplemental disclosure obligations under Rule 26(e), the question before the Court is whether and, if so, which sanctions are appropriate under Rule 37 of the Federal Rules of Civil Procedure.  Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1); see United States v. Honeywell Int'l Inc., 337 F.R.D. 456, 461 (D.D.C. 2020) ("The sanction of preclusion is 'automatic and mandatory' unless the party can show that the failure to disclose was 'either substantially justified or harmless.'" (quoting Armenian Assembly of Am., Inc. v. Cafesjian, 746 F. Supp. 2d 55, 66 (D.D.C. 2010))); see also id. (noting that preclusion of evidence "is an 'extreme sanction' that should be used sparingly" (quoting Sherrod v. McHugh, 334 F. Supp. 3d 219, 269 (D.D.C. 2018))).  "The burden is on the party resisting sanctions to demonstrate that its failure to provide information was either substantially justified or harmless."  Burns v. Levy, Civil Action No. 13-0898, 2019 WL 6465142, at *18 (D.D.C. Dec. 2, 2019) (quoting Amiri v. Omni Excavators, Inc., Civil Action No. 18-0586, 2019 WL 5653622, at *4 (D.D.C. Oct. 31, 2019)).

The District's failure to supplement its response to Interrogatory No. 2 was not "substantially justified" under Rule 37.  Nor was it, in common parlance, "harmless" in the sense that counsel for the District made representations both to plaintiffs' counsel and to the Court that they had "nothing more to say" about the fundamental alteration defense when in fact they had quite a lot to say after interviewing a key witness, DACL Director Laura Newland.  The District

had an ongoing duty to supplement its discovery responses, and counsel for the District had an

obligation to do their due diligence by interviewing District representatives to the extent

necessary to respond to plaintiffs' supplemental discovery requests.  In this, counsel for the

District of Columbia failed.

      The Court nevertheless agrees that the District's delay in supplementing its

interrogatory response is harmless and that preclusion of the District's response is thus

unwarranted.  The District supplemented its response to Interrogatory No. 2 on August 26, 2021,

nearly two full months before the bench trial in this case is scheduled to begin.  <u>See</u>

Memorandum Order and Opinion [Dkt. No. 403] at 2.  Since then, plaintiffs have had the

opportunity to obtain additional discovery with respect to the District's supplemental response.

Plaintiffs were able to depose Budget Director Jenny Reed, who is well-positioned to discuss

where in DACL's budget $7 million might be gleaned.  <u>See id</u>. at 3-4.  In addition, plaintiffs

have rejected, by email and again at the October 6, 2021 hearing, the District's offer to make

Director Newland available for another deposition specifically with respect to the supplemental

response at the District's expense.  <u>See</u> Sept. 15, 2021 Email Chain at 2-3.  Thus, plaintiffs have

not been surprised on the eve of trial and instead have had ample opportunity to mitigate any

harm that might otherwise have been caused by the District's late supplemental response.

      The Court nevertheless finds that some lesser sanctions are warranted.  "The

central requirement of any Rule 37 sanction is that it be 'just.'"  <u>McNair v. District of</u>

<u>Columbia</u>, 325 F.R.D. 20, 21 (D.D.C. 2018) (quoting <u>Bonds v. District of Columbia</u>, 93

F.3d 801, 808 (D.C. Cir. 1996)).  Choosing an appropriate sanction "is bounded by the 'concept

of proportionality' between offense and sanction," and the Court must consider "the resulting

prejudice to the other party, any prejudice to the judicial system, and the need to deter similar

misconduct in the future" when doing so.  Id. (quoting Bonds v. District of Columbia, 93 F.3d at 808).  As noted above, there is little chance that plaintiffs will be prejudiced by the District's use of its supplemental response to Interrogatory No. 2 at trial or by the presentation of the District's witnesses – including Directors Newland and Reed – who may testify about the District's fundamental alteration defense.  And while in one sense there has been "prejudice" to the judicial system, the District's delay has not affected the trial date or the court's docket.  See id. at 22.  Sanctions are, however, appropriate to deter future misconduct.  See id.  The District misrepresented to both plaintiffs and the Court its ability to supplement its prior responses to Interrogatory No. 2, and when it finally disclosed its ability to do so to plaintiffs, it attempted to use it as leverage.  See Aug. 20, 2021 Email Chain at 3-4.  Such disregard of discovery obligations "is unacceptable and warrants a consequential penalty to deter such behavior from recurring."  McNair v. District of Columbia, 325 F.R.D. at 22.

        Therefore, to blunt any prejudice stemming from the District's delayed supplementation of its response to Interrogatory No. 2, the Court concludes that an appropriate sanction is to require the District to pay for the expedited preparation of transcripts of the direct testimony of certain witnesses at trial (as identified by plaintiffs).  See Walls v. Paulson, 250 F.R.D. at 54 ("The imposition of the number and type of sanctions . . . is left to the discretion of the trial judge." (citing 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 2284, 2289 (2d ed. 1987))); see also FED. R. CIV. P. 37(c)(1)(C) (permitting the Court to impose "other appropriate sanctions").  Whenever one of the District's witnesses testifies on direct examination about the substance of the District's supplemental response to Interrogatory No. 2, that witness's cross-examination shall be delayed for a sufficient period of time for plaintiffs' counsel to obtain an expedited transcript of the direct testimony and to

prepare their cross-examination.  This sanction will afford plaintiffs sufficient opportunity to prepare to cross-examine the District's witnesses about any information related to Interrogatory No. 2 for which plaintiffs were unable to obtain discovery because of the District's delay.  In the Court's view, this will be "sufficiently effective in alerting [the District] to the seriousness of [its] neglect, protecting the interests of [plaintiffs], and vindicating the integrity of the court." Walls v. Paulson, 250 F.R.D. at 54 (quoting C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1209 (7th Cir. 1984)).

## III.  CONCLUSION

For the reasons set forth above, the Court concludes that the District failed to supplement its response to Interrogatory No. 2 in violation of Rule 26 of the Federal Rules of Civil Procedure, but that sanctions other than preclusion of evidence are appropriate under Rule 37 of the Federal Rules of Civil Procedure.  Accordingly, it is hereby

ORDERED that Plaintiffs' Motion for a Show Cause Hearing for the District of Columbia to Show Why It Should Not Be Sanctioned Under Federal Rule 37 [Dkt. No. 393] is GRANTED IN PART AND DENIED IN PART; it is

FURTHER ORDERED that, to enable plaintiffs to adequately cross-examine the District's witnesses about the District's supplemental response to Interrogatory No. 2, transcripts of the direct trial testimony of certain of the District's witnesses (as identified by plaintiffs) shall be prepared by the court reporter on an expedited basis at the District's expense; and it is

FURTHER ORDERED that, between the direct and cross-examination of the District's witnesses who testify about the substance of the District's supplemental response to Interrogatory No. 2, there shall be at delay of a sufficient period of time for plaintiffs' counsel to obtain an expedited transcript of the direct testimony and to prepare their cross-examination.

SO ORDERED.

_____
/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  October 14, 2021