UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
IVY BROWN, et al.,                          )
                                                        )
       Plaintiffs,                    )
                                                        )
   v.                                           )   Civil Action No. 10-2250 (PLF)
                                                        )
DISTRICT OF COLUMBIA,               )
                                                        )
       Defendant.                    )
_____)

FINAL PRETRIAL ORDER

Having met with counsel for the parties at a final pretrial conference on October 18, 2021, and having considered the parties' Joint Pretrial Statement [Dkt. No. 413], the Court now issues this Final Pretrial Order, incorporating by reference as appropriate and except as noted below the parties' Joint Pretrial Statement.

    I.   NATURE OF THE CASE, STATEMENT OF CLAIMS, AND
          STATEMENT OF DEFENSES

The plaintiffs in this case are a class of physically disabled individuals who have been living in nursing facilities but who seek to transition to community-based care. They allege that the defendant, the District of Columbia, has failed to provide adequate services to assist class members in transitioning to community-based care, which has caused them to remain in nursing facilities in violation of the integration mandate of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. After a nine-day bench trial, Judge Ellen Segal Huvelle, who presided over this case prior to her retirement, entered judgment for the District, finding that plaintiffs had not

shown the "existence of a concrete, systemic failure that entitles them to class-wide relief," Brown v. District of Columbia, 322 F.R.D. 51, 96 (D.D.C. 2017).

On appeal, the D.C. Circuit reversed and remanded the case for a new trial, holding that by requiring plaintiffs to establish a "'concrete, systemic deficiency' in the District's transition services," the district court had "require[d] Plaintiffs to meet a burden they should not have been made to shoulder." Brown v. District of Columbia, 928 F.3d 1070, 1079 (D.C. Cir. 2019). In doing so, the court of appeals laid out clear remand instructions for this Court to follow. See id. at 1083-85. The main issue on remand is whether the District can establish the plaintiffs' requested accommodations are unreasonable, which it can do in one of two ways. See id. at 1083. First, the District can show that it has an adequate "Olmstead plan" in place by "establish[ing] that it has a 'comprehensive, effectively working plan' for transitioning the individuals to the community and a 'waiting list [for transition to the community] that move[s] at a reasonable pace." Id. at 1084 (alteration in original) (quoting Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 605-06 (1999)). Second, if it cannot do that, the District can establish that "each of the four provisions of Plaintiffs' requested injunction would be so costly as to require an unreasonable transfer of the District's limited resources from other disabled individuals." Id. (emphasis omitted).

The nature of the case and the statement of claims and defenses are more fully set forth in the parties' Joint Pretrial Statement.

II.  EXHIBITS

Counsel for each of the parties has provided the Court with notebooks containing all of the exhibits the parties will seek to introduce at trial. The parties jointly have proffered a total of approximately 920 exhibits. Plaintiffs have proffered a total of approximately 763

exhibits. The District objects to many of plaintiffs' proffered exhibits on grounds either of hearsay, relevance, cumulativeness, or completeness. During the pretrial conference, the parties grouped several of the District's hearsay objections into three categories. First, the District objects to the admission of two reports that were prepared by consulting firms at the request of the District, as well as related documents and emails discussing the reports. Second, the District objects to the admission of notes taken by Wanda Seiler, the District's expert witness, during meetings with District employees to prepare to write her expert report. Third, the District objects to the admission of certain emails involving District employees that also include communications from non-District employees, to the extent the latter are introduced for the truth of the matter asserted.

To assist the Court in resolving the District's objections, plaintiffs shall file an opposition to the District's first two categories of hearsay objections, not to exceed ten pages, on or before October 29, 2021, and the District shall file a response, not to exceed ten pages, on or before November 5, 2021. Regarding the third category of hearsay objections, the parties are directed to eliminate, to the extent feasible, portions of the subject emails containing communications with non-District employees to obviate the parties' dispute regarding hearsay.

On the afternoon before the final pretrial conference, the District notified plaintiffs that seven documents on their exhibit list purportedly were subject to the deliberative process privilege and had been inadvertently produced by the District. See Plaintiffs' Notice of Decision Related to District's Objections [Dkt. No. 417] at 1. At the final pretrial conference, Plaintiffs opposed the District's attempt to claw back these seven documents, arguing that they are not privileged and that the District's notice was untimely. To assist the Court in resolving this dispute, plaintiffs shall file an opposition to the District's request to claw back documents,

not to exceed ten pages, on or before October 29, 2021, and the District shall file a response, if any, not to exceed ten pages, on or before November 12, 2021. The Court will resolve any outstanding disputes about plaintiffs' exhibits during trial as necessary.

The District has proffered a total of 157 exhibits. Plaintiffs object to some of the District's proffered exhibits on grounds either of hearsay, relevance, completeness, or authenticity. In addition, plaintiffs seemingly object to the District's counter-designation of testimony by Mr. Simhoni, which they argue falls outside the scope of their designations. See Appendix C – Plaintiffs' Deposition Designations and 2016 Trial Transcript Excerpts [Dkt. No. 413-3] at 1. As noted by plaintiffs, however, the District has not included its list of counter-designations with the parties' Joint Pretrial Statement, id. at 1 n.2, and the Court will withhold its ruling on plaintiffs' objection until the dispute is ripe. The Court will resolve outstanding disputes about the District's exhibits during trial as necessary.

The parties are encouraged to address objections on grounds of completeness or authenticity before trial.

### III. WITNESSES

The list of witnesses that each party intends to call is set forth in the parties' Joint Pretrial Statement. There is substantial overlap between the witness lists submitted by each party. The witnesses whom one or both parties may call are:  Melisa Byrd, Tamara Freeman, Laura Newland, Dr. Heather Stowe, Orit Simhoni, Donald Dupree, Ivy Brown, Gwendolyn Noonan-Jones, Deborah Cason Daniel, Larry McDonald, Ramona Butler, Carolyn Punter, Ken Slaughter, Kristy Greenwalt, Jennifer Reed, Wanda Seiler, Megan Fletcher, Nancy Weston, Leyla Sarigol, Lourdine Jean-Francois, Mathew McCollough, Michael Petron, Randall Webster, and Ronald McCoy.

Plaintiffs have objected to the District's intention to call as witnesses the named plaintiffs, Donald Dupree, Ivy Brown, and Larry McDonald. Plaintiffs argue that the risks posed by COVID-19 to the named plaintiffs' health and safety, particularly given their age, underlying medical conditions, and disabilities, as well as related logistical challenges counsel against requiring Mr. Dupree, Ms. Brown, and Mr. McDonald to testify at trial. Plaintiffs also propose that designations of the named plaintiffs' deposition testimony as well as excerpts of their prior trial testimony be used in lieu of their live testimony at trial. Considering the fact that Mr. Dupree, Ms. Brown, and Mr. McDonald were made available to the District only a month ago for deposition, the Court finds that plaintiffs have not met their burden to demonstrate that the named plaintiffs are unavailable to testify at trial. See FED. R. CIV. P. 32(a)(4)(C) ("A party may use for any purpose the deposition of a witness . . . if the court finds . . . that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment . . . ."); see also Memorandum Opinion and Order [Dkt. No. 403] at 4 ("[T]he parties shall be permitted to submit to the Court as trial exhibits deposition designations or prior trial transcript excerpts of unavailable witnesses only . . . ."). The Court therefore will permit either party to call Mr. Dupree, Ms. Brown, and Mr. McDonald as witnesses at trial. For logistical reasons, plaintiffs' counsel shall be given at least three days' notice of the trial date on which the District intends to call each of the three witnesses. Although the named plaintiffs' deposition testimony and prior trial testimony may not be used as a substitute for their live testimony at trial, the Court notes that the parties stipulated that "the record from the 2016 trial is part of the record in this case." Joint Pretrial Statement at 11.

Plaintiffs also have objected to the District's intention to call as a witness Ms. Simhoni, the legal guardian of Mr. Dupree, who will testify about Mr. Dupree's transition from a

nursing facility to the community in 2018 and how that compares to his previous transition in 2012.  Plaintiffs argue that Ms. Simhoni testified about Mr. Dupree's 2012 transition at the previous trial before Judge Huvelle and that any further testimony about that subject would be duplicative.  At the final pretrial conference, the District noted that it will tailor its examination of Ms. Simhoni to avoid unnecessarily revisiting old ground, and the Court will resolve any disputes regarding the cumulativeness of Ms. Simhoni's testimony during trial as necessary.  In addition, to accommodate Mr. Dupree, the parties are directed to select a trial date on which Ms. Simhoni will testify, which shall immediately precede the trial date on which Mr. Dupree will testify.

    The District has objected to plaintiffs' intention to call as a witness Lourdine Jean-Francois, who will testify about the operations of D.C.'s Aging and Disability Resource Center and efforts to address challenges regarding transition assistance within that agency.  The District stated that it has not had the opportunity to depose Ms. Jean-Francois.  During the final pretrial conference, the Court decided that it will permit testimony from Ms. Jean-Francois.  The District may depose Ms. Jean-Francois for a period not to exceed four hours in advance of trial or during the days between the dates set for trial.

    The District also has objected to plaintiffs' intention to elicit the testimony of Matthew McCullough to the extent it would probe into the District's development of its Olmstead plan, which the District argues is protected by the deliberative process privilege, and into irrelevant matters.  At the final pretrial conference, plaintiffs' counsel stated that it will tailor its examination of Mr. McCullough to avoid these challenges.  The Court will resolve any further disputes regarding the privileged nature or relevance of Mr. McCullough's testimony during trial as necessary.

The District has objected to plaintiffs' intention to rely on designations of the deposition of Jennifer Reed if the District does not itself call Ms. Reed to testify. At the final pretrial conference, the District noted its intention to call Ms. Reed to testify at trial, obviating the need to settle the dispute now. The Court will resolve any disputes regarding the form of Ms. Reed's testimony, should they arise, during trial as necessary.

Finally, the District has objected to plaintiffs' intention to call as a witness Ronald McCoy, who will testify about subsidized housing resources in the District of Columbia, arguing that his testimony would be cumulative. To better assess how Mr. McCoy's testimony may be cumulative in light of other witnesses' testimony, the Court will resolve any disputes regarding the cumulativeness of Mr. McCoy's testimony during trial as necessary. In order to obtain Mr. McCoy's presence for trial, plaintiffs must serve a subpoena on Mr. McCoy, who is no longer employed by the District, in accordance with Rule 45 of the Federal Rules of Civil Procedure.

During the final pretrial conference, the parties noted the unavailability of some witnesses on certain trial dates. For example, Dr. Stowe will be leaving the country on November 8, 2021, Ms. Punter will have left the employ of the D.C. Housing Authority by November 8, 2021, Ms. Daniel will be available only on October 27 and November 2, 8, and 17, 2021, and Mr. McCullough will be unavailable on Wednesdays and Fridays. Considering the limited availability of some witnesses and endeavoring to call each witness to the stand – if feasible – only once, the parties are directed to agree on the trial dates on which those witnesses will testify. The parties are reminded to accommodate the availabilities of each other's witnesses as best they can to ensure an efficient trial.

As noted in the Court's pretrial scheduling orders, in view of logistical complications and ongoing COVID-19 concerns, the majority of the parties' fact and expert

witnesses will testify virtually at trial. See Memorandum Opinion and Order [Dkt. No. 403] at 3. Plaintiffs have noted their intention to elicit the testimony of Nancy Weston and Randall Webster, two of their expert witnesses, in person rather than virtually. To afford the Court sufficient time to make the logistical arrangements necessary for Ms. Weston and Mr. Webster to give in-person testimony, plaintiffs' counsel shall give at least three days' notice to the Court of the trial dates on which each will be called to the stand.

The parties agreed in their Joint Pretrial Statement that, pursuant to Rule 615 of the Federal Rules of Evidence, each fact witness other than Laura Newland, who has been designated as the District's representative by counsel for the District, see FED. R. EVID. 615(b), shall be excluded from the proceedings except during his or her own testimony. Expert witnesses, however, may view and listen to all testimony.

## IV. ADDITIONAL MATTERS

On October 12, 2021, in compliance with the Court's October 7, 2021 Minute Order, the District supplemented several of its prior discovery responses with regard to the District's 2021-2024 Olmstead plan [Dkt. No. 406-1] on the public record. See Defendant's Response to Plaintiffs' Notice of October 7, 2021 ("Plaintiffs' Response") [Dkt. No. 410] at 2. In doing so, the District asked that plaintiffs mutually supplement several of their interrogatory responses in light of the 2021-2024 Olmstead plan. See id. During the final pretrial conference, counsel for the District noted that plaintiffs have failed to supplement their interrogatory responses as requested. Plaintiffs are therefore directed to answer the interrogatories propounded in Plaintiffs' Response, or note their objections and the grounds therefor pursuant to Rule 33 of the Federal Rules of Civil Procedure, on or before October 22, 2021.

## V. ESTIMATED TRIAL TIME AND OTHER TRIAL DETAILS

Trial is scheduled to begin before the Court at 10:00 a.m. on October 25, 2021. Trial is expected to last no more than ten days. The parties agreed to a bench trial.

Pursuant to the D.C. Circuit's remand instructions, the District will present its case-in-chief first because it bears the burden of demonstrating either that it has an adequate Olmstead plan in place or that plaintiffs' requested accommodations are unreasonable. See Brown v. District of Columbia, 928 F.3d at 1085 n.14. The parties have set forth their jointly agreed to definitions and stipulations of fact. See Joint Stipulations of Fact [Dkt. No. 382]; Joint Pretrial Statement at 11. This Court may apply factual findings previously made by Judge Huvelle not inconsistent with the legal standards articulated in the D.C. Circuit's opinion. See Brown v. District of Columbia, 928 F.3d at 1085, 1085 n.14.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: October 20, 2021