UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IVY BROWN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 10-2250 (PLF) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

On December 31, 2024, the Court issued its Opinion, Findings of Fact, and Conclusions of Law in this case ("Opinion and Order") [Dkt. No. 505], directing the Clerk of the Court "to enter a Final Judgment in favor of plaintiffs Ivy Brown and Larry McDonald and the Plaintiff Class." Opinion and Order at 103.[1]  In the Opinion and Order, the Court entered a permanent injunction and directed the District of Columbia ("the District") to promptly take several steps "necessary to serve plaintiffs in the most integrated settings appropriate to their needs." Id. at 102-03 ("the Injunction"). The Injunction has three subparts. Subpart One directs the District to "develop and implement a working system of transition assistance," with certain minimum requirements. Id. at 102. Subpart Two directs the District to "ensure sufficient capacity of community-based long-term care services for plaintiffs under the EPD, MFP, and PCA programs, and other long-term care service programs, to serve plaintiffs in the most integrated setting appropriate to their needs, as measured by enrollment in these long-term care

---

[1] On January 31, 2025, the Clerk of the Court entered final judgment in favor of plaintiffs. See Judgment [Dkt. No. 512].

programs." Id. Subpart Three directs the District to "demonstrate its ongoing commitment to deinstitutionalization by publicly reporting" three specified metrics. Id. at 102-03.

On January 28, 2025, the District filed a Motion to Alter or Amend Judgment ("Govt. Mot. to Alt.") [Dkt. No. 508]. In its Motion, the District argues that the Court's Injunction "evinces manifest errors of law" under Rule 59(e) of the Federal Rules of Civil Procedure and should be vacated, in whole or in part. See Govt. Mot. to Alt. at 7. Among other things, the District argues that Subparts One(a) and (b), Subpart Two, and Subpart Three are not narrowly tailored to prevent the harms that were proven at trial. See id. at 7-19. The District also argues that Subpart Two is fatally vague under Rule 65(d) of the Federal Rules of Civil Procedure. See id. at 19-20. On February 25, 2025, plaintiffs filed their Opposition to the District's Motion to Alter or Amend Judgment [Dkt. No. 514]. On March 19, 2025, the District filed its Reply [Dkt. No. 517].

On January 29, 2025, the District filed a Motion to Stay Judgment Pending Reconsideration of the Injunction Entered ("Govt. Mot. to Stay") [Dkt. No. 509], as supplemented by the District's Notice of Errata and Supplemental Exhibit [Dkt. No. 515]. In its Motion, the District asks the Court to stay its December 31, 2024 Judgment until seven days after the Court decides the District's Motion to Alter or Amend Judgment. See Govt. Mot. to Stay at 1. The District argues that the strength of its Motion to Alter or Amend Judgment, the potential harms to both sides if the stay is or is not entered, and the public interest favor a stay. See id. at 6-8. On February 26, 2025, plaintiffs filed their Opposition to the District's Motion to Stay Judgment [Dkt. No. 516]. On March 19, 2025, the District filed its Reply [Dkt. No. 518].

On April 15, 2025, the Court heard oral argument on the District's Motion to Alter or Amend Judgment, and heard brief argument on the District's Motion to Stay Judgment. Upon consideration of the points raised at oral argument and in the parties' briefs, it is hereby

ORDERED that the District's Motion to Stay Judgment Pending Reconsideration of the Injunction Entered [Dkt. No. 509] is GRANTED; it is

FURTHER ORDERED that the Injunction set forth in the Court's December 31, 2024 Opinion and Order [Dkt. No. 505] at 102-03 is STAYED until further order of the Court; it is

FURTHER ORDERED that the parties shall meet and confer to discuss a joint proposed revision to Subpart Two of the Injunction. The joint proposed revision shall clarify the precise long-term care service programs that the District may use as enrollment benchmarks to ensure sufficient capacity of community-based long-term care service programs; it is

FURTHER ORDERED that the parties shall file a joint status report notifying the Court of their joint proposed revision to Subpart Two on or before May 6, 2025. The joint status report shall also explain the nature of any objections the District may have to promptly implementing Subpart Three of the Injunction; and it is

FURTHER ORDERED that the District shall file a supplemental memorandum of law on or before May 6, 2025, providing any case law or precedent that <u>directly</u> supports the following proposition: a judgment ordering injunctive relief that is not narrowly tailored constitutes clear error under Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiffs may file an optional supplemental response on or before May 13, 2025.

SO ORDERED.

DATE: April 16, 2025

/S/
PAUL L. FRIEDMAN
United States District Judge