UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IVY BROWN,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | No. 1:10-cv-02250-PLF |

**SECOND JOINT STATUS REPORT REGARDING MEDIATION**

The Court's January 30, 2025 Order (Order) [511] directed Plaintiffs to file their request for attorneys' fees and expenses by May 30, 2025, which Plaintiffs did. It also set forth that:

> the parties shall meet and confer to discuss whether they wish to (1) independently or with the aid of a mediator or special master they jointly select mediate the matter of plaintiffs' attorneys' fees and expenses, or (2) have the case referred to either a Magistrate Judge or the Circuit Executive's Mediation Program…[and that] the parties shall file a joint status report notifying this Court of their decision on or before June 30, 2025.

Pursuant to the Order, the Parties met and conferred on June 26, 2025, and filed a Joint Status Report with competing positions on June 30, 2025 [528]. On August 5, 2025, the Court ordered the Parties to file a second joint status report addressing the questions presented above. *See* [529]. The Parties met and conferred again on August 14, 2025. The Parties' respective positions on mediation are set forth below.

**PLAINTIFFS' POSITION**

In the Joint Status Report Regarding Mediation, dated June 30, 2025, Plaintiffs explained their interest in promptly proceeding with mediation before the Circuit Executive's Mediation Program. *See* ECF 528, p. 1. The District was not amenable to that proposal and stated that it

needed an additional 60 days to decide whether it was willing to proceed with mediation at all. *Id*. Plaintiffs objected to that delay and requested that the Court set a briefing schedule. *Id.*, p. 2.

The District received nearly 60 days to consider the topic and now contends that it needs 45 more days, not to agree to any concrete action, but for it to complete its review of the fee application and for the parties to issue a third status report. Plaintiffs object to such further delay. On August 5, 2025, the Court ordered that "[n]o further extensions will be granted." ECF 529, p. 2.

Plaintiffs ask that, rather than requiring the Parties to file another status report in 45 days, the Court order the District to file its opposition to Plaintiffs' fee application in 45 days. Doing so will clarify issues of disagreement, allow the Parties to proceed efficiently to mediation after that opposition is filed, and avoid further delays. Plaintiffs' proposal also avoids the delay that the District flags below related to the time it will take to obtain settlement authority.

The District has proposed that the Parties submit another status report in 45 days and that the Court set a potential briefing schedule for the District's opposition to the fee petition to be due on January 16, 2026. Their reasoning appears to be that they need more time to complete their review and negotiate with Plaintiffs. The January date is unreasonable. In the event that the Court disagrees with Plaintiffs' proposal that the opposition brief be filed in 45 days, then Plaintiffs' alternative proposal is that the Court set the date for Defendant's opposition brief for October 14, 2025—60 days from the date of this status report. With a firm date in mind, the Parties are more likely to be able to reach resolution.

The Parties also disagree as to how mediation should proceed. Plaintiffs ask that the case be referred to the Circuit Executive's Mediation Program. Plaintiffs believe that would be the best method because those mediators will have the time to address the issues in a timely way. The

District prefers mediation before a Magistrate Judge. Plaintiffs object to such mediation because Magistrate Judges tend to have very busy calendars, and Plaintiffs are concerned that that will lead to further delay, especially since multiple mediation sessions would likely be necessary.

## THE DISTRICT'S POSITION

The District believes it is in the best interest of the Parties to resolve the matter of fees and costs—completely or to the very best of their ability—without continued, and costly, litigation. To that end, the District has undertaken and is near to completing a line-by-line analysis of the more than 20,000 line items for which Plaintiffs seek attorney's fees and costs. This request is significantly larger in scope and complexity than anything the District has received in recent memory, and it is tedious and time-consuming to review. The District has not been sitting on its hands since May; rather, counsel has been putting one foot in front of the other each day towards this review—beginning with, for example, devising a way to combine the fee requests supplied by each separate firm so that it is possible to see and consider how many firms and attorneys are billing for any given task.

The District will use this analysis to inform what it believes would be an accurate sum for reasonable attorney's fees—and the next "concrete" step in this process, which the District committed to take in conference with Plaintiffs, will be to share the specific concerns identified with Plaintiffs' counsel for their own detailed consideration. (For example, the District will share a list of every line-item it identifies that appears to be an instance of double-billing—plain duplicated entries—which so far exceeds $300,000; every line item that is insufficiently described; and every item block-billed, and other issues.) The District will share this information with Plaintiffs within the next month. The Parties will have a better understanding of and ability to estimate how negotiations will proceed once they have had the opportunity to exchange thoughts

on various line items and billing practices. And, once this analysis is complete, if there is to be any resolution, undersigned counsel for the District will also need to obtain multiple levels of settlement authority.

In light of the foregoing, the District states that it is interested in mediation but also believes there should be additional time allotted for the Parties to work together in addressing the District's analysis of Plaintiffs' billing records and practices. If the Parties cannot address these matters without assistance, the District would then ask the Court for referral to a magistrate judge, subject to the important considerations noted above for obtaining settlement authority. For these reasons, the District requests the Court to set another deadline, 45 days from the date of this filing, for a Joint Status Report from the Parties. Alternatively, if the Court is inclined to agree with Plaintiffs' request for a briefing schedule, the Court should set a deadline far enough out to permit time for continued analysis, attempts at settlement between the Parties, and then, if necessary, briefing. The District proposes January 16, 2026. Plaintiffs' proposed October deadline virtually ensures the Parties will not resolve this without further litigation.

Date:   August 15, 2025

/s/ *Kelly Bagby*
KELLY BAGBY, DC Bar No. 462390
MAAME GYAMFI, DC Bar No. 462842
REBECCA RODGERS (*pro hac vice*)
AARP Foundation
601 E Street, NW
Washington, DC 20049
(202) 434-2103
Fax: (202) 434-6424
kbagby@aarp.org

LYNDSAY NILES, DC Bar 1003427
Disability Rights DC at
University Legal Services
220 I Street NE #130
Washington, DC 20002

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

/s/ *Mateya B. Kelley*
MATEYA B. KELLEY [888219451]
Assistant Attorney General
400 Sixth Street, N.W., Suite 10100

202-527-7032

KATHLEEN L. MILLIAN, DC Bar 412350
PATRICK A. SHELDON, DC Bar 989369
TODD A. GLUCKMAN, DC Bar 1004129
Terris, Pravlik & Millian, LLP
1816 12th Street, NW, Suite 303
Washington, DC 20009
(202) 682-2100

MARJORIE RIFKIN, DC Bar 437076
202-997-3201

*Counsel for Plaintiffs*

Washington, D.C. 20001
(202) 442-5868
mateya.kelley@dc.gov

*Counsel for the District of Columbia*