UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IVY BROWN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br> ) | Civil Action No. 10-2250 (PLF) |

ORDER TO SHOW CAUSE

On January 30, 2025, the Court directed the parties to meet and confer to discuss whether they wish to (1) independently or with the aid of a mediator or special master they jointly select mediate the matter of plaintiffs' attorneys' fees and expenses, or (2) have the case referred to either a Magistrate Judge or the Circuit Executive's Mediation Program. See Order [Dkt. No. 511] at 2. The Court further ordered the parties to file a joint status report notifying the Court of their decision regarding mediation on or before June 30, 2025. See id. The parties filed a joint status report on June 30, 2025, notifying the Court that the parties were unable to agree on how best to proceed with mediation. See Joint Status Report Regarding Mediation [Dkt. No. 528]. The District requested "an additional 60 days to respond" to the "mediation-related questions" posed in the Court's Order of January 30, 2025. See id. at 3.

On August 5, 2025, over a month after the parties filed their first joint status report, the Court again directed the parties to meet and confer and file a second joint status report addressing the mediation-related questions posed in the Court's Order of January 30, 2025. See Order [Dkt. No. 529]. The Court stated that "[n]o further extensions will be granted." Id. at 2.

On August 15, 2025, the parties filed a second joint status report outlining their respective positions regarding the mediation of plaintiffs' attorneys' fees and expenses. See Second Joint Status Report Regarding Mediation ("JSR") [Dkt. No. 532]; see also Plaintiffs' Motion for Attorneys' Fees and Expenses [Dkt. No. 525]. In the JSR, plaintiffs request that "the Court order the District to file its opposition to Plaintiffs' fee application in 45 days." JSR at 2. According to plaintiffs, "[d]oing so will clarify issues of disagreement, allow the Parties to proceed efficiently to mediation after that opposition is filed, and avoid further delays." Id. Plaintiffs also ask that the case be referred to the Circuit Executive's Mediation Program because "those mediators will have the time to address the issues in a timely way." Id.

The District counters that plaintiffs' fee application is "significantly larger in scope and complexity than anything the District has received in recent memory." JSR at 3. The District states that it has not been "sitting on its hands since May," and is "near to completing a line-by-line analysis of the more than 20,000 line items for which Plaintiffs seek attorney's fees and costs." Id. The District further states that "it is interested in mediation but also believes there should be additional time allotted for the Parties to work together in addressing the District's analysis of Plaintiffs' billing records and practices." Id. at 4. After that additional time, "[i]f the Parties cannot address these matters without assistance," the District would prefer referral to a magistrate judge. Id. The District requests that the Court "set another deadline, 45 days from the date of" the JSR's filing, for another "Joint Status Report from the Parties." Id. Alternatively, if the Court agrees with plaintiffs' request for a briefing schedule, the District asks the Court to set a deadline of January 16, 2026 for further briefing "to permit time for continued analysis, attempts at settlement between the Parties, and then, if necessary, briefing." Id.

It has been over seven months since the Court first directed the parties to discuss the mediation of plaintiffs' attorneys' fees. See Order of January 30, 2025. The District has had over three months to analyze plaintiffs' motion for attorneys' fees and costs and come to a decision regarding mediation. See Plaintiffs' Motion for Attorneys' Fees and Expenses (filed on May 30, 2025). The Court appreciates that the District has undertaken "a line-by-line analysis of the more than 20,000 line items" in plaintiffs' reports, and the Court understands how time-consuming this has been for the District. But as the Court stated in its previous Order, no further extensions will be granted on the issue of mediation. See Order of August 5, 2025.

As plaintiffs correctly note, "Magistrate Judges tend to have very busy calendars," and plaintiffs object to mediation before a magistrate judge because they are "concerned that that will lead to further delay." JSR at 3. On the other hand, if the issue is referred to the Circuit Executive's Mediation Program, Program staff will select a mediator or co-mediators from a pool of "very experienced members of the United States District Court Bar who have been selected by the Court to be on the panel of mediators." The District Court Mediation Program, https://perma.cc/9EC4-Y5ZY (last visited Sept. 3, 2025). The Program's mediators provide their services to the courts and parties pro bono. See id. And after the case is assigned, Program staff will continue to "monitor the progress" of the case, "provid[e] parties with the proper notification and instructions," and "collect pertinent statistical information" as the Program mediators work on the case. D.D.C. R. 84.1(a) (Administration of Mediation Program).

The Court believes that the Circuit Executive's Mediation Program is the best option for the mediation of plaintiffs' attorneys' fees. Accordingly, it is hereby

ORDERED that on or before September 12, 2025, the District shall file a response to this Order showing cause why the issue of plaintiffs' attorneys' fees and costs should not immediately be referred to the Circuit Executive's Mediation Program.

SO ORDERED.

DATE: 9/3/25

PAUL L. FRIEDMAN
United States District Judge