UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVY BROWN, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 10-2250 (PLF) |

**PLAINTIFFS' MOTION FOR A BRIEFING SCHEDULE ON PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiffs hereby move for the entry of a scheduling order on Plaintiffs' Motion for Attorneys' Fees and Expenses (ECF 525), setting forth deadlines for the District of Columbia's ("the District") opposition and Plaintiffs' reply.

Pursuant to Local Rule 7(m), Plaintiffs sent an email to the District's counsel at 5:30 p.m. on September 16, seeking its consent to the relief requested in this motion. The District has not yet responded as of the time of this filing, but Plaintiffs expect that the District will oppose the motion as it has indicated it will be seeking to stay the fees briefing. Defendant District of Columbia's Response to Show Cause Order Concerning Mediation (ECF 534), p. 2.

**BACKGROUND**

Shortly after this Court's December 31, 2024 trial decision, Plaintiffs asked the Court to set a schedule for fees briefing. Plaintiffs' Motion for an Extension of Time and a Scheduling Order Regarding Their Motion for Attorneys' Fees and Expenses (ECF 506). In opposition to that motion, the District argued that fees briefing should not proceed until after the District's motion to alter or amend the injunction, and any potential appeal, were resolved. Defendant's Partial Opposition to Plaintiffs' Motion for an Extension of Time and a Scheduling Order Regarding Their

Motion for Attorneys' Fees and Expenses (ECF 507). The Court rejected those arguments and directed Plaintiffs to file their motion for attorneys' fees and expenses by May 30, 2025 (Order (ECF 511)), which Plaintiffs did (Plaintiffs' Motion for Attorneys' Fees and Expenses (ECF 525)). The Court also required the parties to meet and confer regarding mediation of the fees request. ECF 511.

On June 30, 2025, after conferring, the parties reported their competing positions. Joint Status Report Regarding Mediation (ECF 528). Plaintiffs expressed their interest in promptly mediating before the Circuit Executive's Mediation Program. *Id.*, p. 1. The District stated that it would need an additional 60 days to decide whether it would be willing to proceed with mediation. *Id.*, p. 2. Plaintiffs objected to such delay and asked the Court to schedule the deadline for the District's opposition. *Id.*

The Court thereafter ordered the parties to meet again and file a further report and made clear that "[n]o further extensions will be granted." Order (ECF 529), p. 2. In the parties' resulting August 19 report, the District again explained that it was not yet in a position to commit to mediation (it needed to complete its review of the time records, confer with Plaintiffs, and obtain settlement authority). Second Joint Status Report Regarding Mediation (ECF 532), pp. 3-4. The District proposed that the parties submit another status report in 45 days, or that the Court require the District to respond to Plaintiffs' fee application by January 16, 2026—a full seven-and-a-half months after Plaintiffs filed their motion. *Id.*, p. 4. Plaintiffs asked the Court to order the District to respond to Plaintiffs' motion within 45 days, explaining that doing so would "clarify issues of disagreement, allow the Parties to proceed efficiently to mediation after that opposition is filed, and avoid further delays." *Id.*, p. 2. Plaintiffs also explained that, if mediation proceeded, it should proceed before the Circuit Executive's Mediation Program. *Id.*, pp. 2-3. The Court thereafter

ordered the District to "show[] cause why the issue of plaintiffs' attorneys' fees and costs should not immediately be referred to the Circuit Executive's Mediation Program." Order to Show Cause (ECF 533), p. 4.

On September 12, 2025, in addition to appealing the Court's injunction and the Court's decision on Defendant's Motion to Alter or Amend its injunctive relief, the District made two responses to the Order to Show Cause. Defendant District of Columbia's Response to Show Cause Order Concerning Mediation (ECF 534). First, it stated that it cannot mediate before its attorneys have settlement authority. *Id.*, p. 1. Notwithstanding the fact that the District had ample time to secure settlement authority, it did not offer a firm date by which it would secure such authority. The District did, however, imply that it would not have such authority until after the appeal has been resolved. *Id.*, pp. 1-2. Second, it stated that it "intends to renew its motion to stay Plaintiffs' request for fees and costs, pending the resolution of the appeal." *Id.*, p. 2.[1]

## ARGUMENT

The District's recent statements make clear that that it is unable and/or unwilling to mediate the issue of Plaintiffs' attorneys' fees. Plaintiffs therefore request that the Court set a briefing schedule on Plaintiffs' May 30, 2025 motion for attorneys' fees and expenses, requiring the District to file its opposition within 45 days and for Plaintiffs to file their reply within 45 days from the District's opposition. That schedule would give the District approximately five months to prepare their response following the filing of Plaintiffs' motion.

Prior to filing its appeal, the District previously offered several reasons why the fees litigation should not proceed. Despite the District's objections to proceeding with the fees

---

[1] The District did not previously file a motion to stay Plaintiffs' motion for attorneys' fees, though it did argue for a stay of the motion in its response to Plaintiffs' request for a briefing schedule. ECF 507, pp. 1-6.

litigation, the Court directed Plaintiffs to file their motion for attorneys' fees and expenses by May 30, 2025 (ECF 511). The basis of each of the District's arguments is weaker now in light of the procedural posture of the case.

First, the District argued that "the litigation of the District's motion to alter the judgment and any possible appeal will certainly affect the outcome of fees litigation." ECF 507, p. 3. Of course, this is not certain at all, and the Court's August 15, 2025 Opinion and Order (ECF 531) establishes that the District's motion to alter or amend the judgment will have no effect on the injunction or the fees litigation. It is similarly speculative that the District's appeal will affect the outcome of the fees litigation.

Second, the District argued that "to invest time in fees litigation, before it is even settled whether Plaintiffs are finally entitled to fees, potentially wastes significant resources for the Parties and the Court, and would work more hardship than it may save." ECF 507, p. 3. The salience of this argument is undermined by the fact that the parties have already expended significant resources on the litigation of attorneys' fees. Plaintiffs spent a considerable amount of time preparing their fee petition. The District has stated that it "has undertaken and is near to completing a line-by-line analysis of the more than 20,000 line items for which Plaintiffs seek attorney's fees and costs." ECF 532, p. 3. It would accordingly be far more efficient to proceed with the fees litigation now, while the briefing and records are fresh in the minds of both parties. *See* ECF 506, p. 6.

Third, the District argued that there is no harm to the Plaintiffs or Plaintiff class, nor irreparable harm to Plaintiffs' counsel, if the fees litigation is stayed. Plaintiffs' counsel have been litigating this case without charge to their clients for over 14 years. *See* ECF 506, pp. 5-7. Delaying briefing until after the District's merits briefing has been resolved likely would mean that it would

4

be several more years before Plaintiffs' counsel are paid. There is no reason to engage in such delay when fees briefing is already proceeding and this Court has soundly rejected the District's motion to alter or amend the judgment.

Local Rule 54.2(b) provides that "[a]fter a decision has been made that there will be an appeal, the Court shall make a specific determination as to whether, in the interest of justice, the fee issues, in whole or in part, should be considered or be held in abeyance pending the outcome of the appeal." For the reasons provided above, Plaintiffs respectfully submit that it continues to be in the interest of justice to proceed with the remaining briefing of the attorneys' fees issue that has already been partially briefed pursuant to this Court's order.

Any decision on fees that this Court reaches would be contingent on the outcome of the merits appeal. Moving this fees litigation forward at the same time as the merits appeal will ensure that the District does not pay any fee award to which Plaintiffs are not entitled, while also avoiding unnecessary and substantial delays.

Fees briefing proceeded in analogous circumstances in a similarly long-litigated and complex federal case, *DL v. D.C.*, Civ No. 05-1437 (D.D.C). On June 1, 2016, after prevailing in the trial on merits, plaintiffs filed a motion seeking a status conference to discuss briefing on attorneys' fees and expenses and, alternatively, requesting 90 days to file their fees motion. Plaintiffs' Motion for a Status Conference or, in the Alternative, to Modify the Schedule Regarding Plaintiffs' Motion for Attorneys' Fees and Expenses (Civ. No. 05-1437; ECF 522) ("DL Scheduling Mot."), pp. 5-6.[2] The District opposed plaintiffs' requests. Response to Plaintiffs' Motion for a Status Conference or, in the Alternative, to Modify the Schedule (Civ. No. 05-1437,

---

[2] In that motion, Plaintiffs' identified that Local Rule 54.2 was applicable to the issue of scheduling fees briefing. DL Scheduling Mot., p. 5.

5

ECF 523), pp. 1-3. The court set a June 30 status conference to address plaintiffs' motion. June 9, 2016 Order (Civ. No. 05-1437; ECF 525). On June 16, the District filed its notice of appeal of the court's merits decision. Notice of Appeal (Civ. No. 05-1437, ECF 527). After the June 30 status conference—14 days after the District filed its notice of appeal—the court set forth a briefing schedule for plaintiffs' application for attorneys' fees and related expenses that would proceed while the appeal was pending. June 30, 2016 Order (Civ. No. 05-1437; ECF 536) (ordering briefing to begin on September 28, 2016).

The grounds for proceeding with a fees briefing schedule following the District's appeal are even stronger here than in *DL* because briefing has already begun and substantial time and resources have been devoted to it by both parties.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court set the further briefing schedule for Plaintiffs' motion for attorneys' fees and expenses, requiring the District to file its opposition within 45 days and Plaintiffs' reply in support of its motion 45 days after the District's opposition. A proposed order is attached.

Respectfully submitted,

| | /s/ *Kelly Bagby* |
|---|---|
| KATHLEEN L. MILLIAN, DC Bar 412350 | KELLY BAGBY, DC Bar 462390 |
| PATRICK A. SHELDON, DC Bar 989369 | MAAME GYAMFI, DC Bar 462842 |
| TODD A. GLUCKMAN, DC Bar 1004129 | REBECCA RODGERS (*pro hac vice*) |
| Terris, Pravlik & Millian, LLP | AARP Foundation |
| 1816 12th Street, NW, Suite 303 | 601 E Street, NW |
| Washington, DC 20009 | Washington, DC 20049 |
| (202) 682-2100 | (202) 434-2103 |
| Fax: (202) 289-6795 | Fax: (202) 434-6424 |
| | kbagby@aarp.org |
| MARJORIE RIFKIN, DC Bar 437076 | |
| (202) 997-3201 | LYNDSAY NILES, DC Bar 1003427 |
| | Disability Rights DC at University Legal Services |
| | 220 I Street NE #130 |
| | Washington, DC 20002 |
| | (202) 527-7032 |
| | Fax: (202) 547-2662 |

September 17, 2025               *Counsel for Plaintiffs*